[No. 12424.   Department Two. — November 22, 1889.]

# HENRY BARTON, RESPONDENT, *v.* J. W. MCDONALD, APPELLANT.

NEGLIGENCE — CONTRACTOR FOR REPAIR OF STREET — UNGUARDED AND
   UNLIGHTED HOLE LEFT THEREIN AT NIGHT — AUTHORITY TO PER-
   FORM THE WORK. — A contractor for the repair of a street who leaves
   an open, unguarded hole in the street without a light to warn the public
   of the danger, contrary to the provisions of the ordinance in that re-
   gard, is guilty of negligence.  And it makes no difference whether he
   was authorized to make the repairs by competent authority or not.

EAST STREET — PUBLIC STREET — REPAIR — HARBOR COMMISSIONERS. — East
   Street is one of the public streets of the city of San Francisco; and
   none the less so because the board of harbor commissioners are charged
   with the duty of keeping one half thereof in repair.

RESPONDEAT SUPERIOR — INDEPENDENT CONTRACTOR. — The doctrine of
   *respondeat superior* does not apply to an independent contractor.

APPEAL from a judgment of the Superior Court of
the city and county of San Francisco.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

*L. Quint*, for Respondent.

HAYNE, C. — Action against a contractor for negli-
gence in repairing a street; verdict and judgment for
plaintiff for three hundred dollars; defendant appeals
from the judgment without any bill of exceptions or
statement.

It must be taken as established by the verdict that the
allegations of the complaint are true.  Therefore the
fact must be taken to be that the defendant was a con-
tractor " to repair and replank East Street, in said city
and county of San Francisco, state of California, from
the intersection of Market Street with said East Street
southerly to and beyond the intersection of Howard
Street with said East Street"; that he entered upon the

performance of the work, and on the 20th of January, 1887, he "was engaged in laying plank upon said East Street"; that on said day "and on East Street, he, the said defendant, carelessly and negligently left a space or hole uncovered, and carelessly and negligently left the same so open and uncovered, without any guard or other protection around the same, or notice to warn persons who might be traveling along or upon said East Street of danger, or that they were approaching danger as they came near or in proximity to said opening or hole, so left open, unguarded, and unprotected as aforesaid; nor did he, the said defendant, keep or have any light or lights about or near said opening or hole, that persons passing along said East Street could see said opening or hole or the danger they were in as they approached the same"; that on said 20th day of January the plaintiff was traveling along said East Street, between the streets mentioned, "when, without any notice or warning of approaching danger, and without any fault or negligence on his part, he fell through said opening or hole, so left open and unguarded and unprotected by said defendant as aforesaid," and was injured.

The complaint is perhaps not a model of pleading, but we think that it was sufficient, and that the demurrer was properly overruled.

If a contractor leaves an unguarded hole in a public street which he is repairing, it is negligence for which he is responsible to those injured thereby without contributory negligence. It appears from the appellant's brief that there is an ordinance of the board of supervisors which contains, among other things, the following provisions:—

"Any person by whom, or under whose immediate direction, or by whose immediate authority, as principal or as contractor, or as employee, any portion of a public street may be made dangerous, shall erect, and so long as the danger may continue maintain, around the por-

tion of the street or highway so made dangerous, a good and substantial barrier; cause to be maintained during every night from sunset until daylight a lighted lantern at the ends of the portion of the street so made dangerous, and every side of a street crossing so made dangerous."

The defendant did not comply with the requirements of this ordinance.

East Street is a public street. (*Schulte* v. *N. P. T. Co.*, 50 Cal. 593.) And it is conceded by the counsel for the appellant that the court will take judicial notice of the streets. It is none the less a public street because the board of harbor commissioners are charged with the duty of keeping one half of it in repair. As was said in the case above cited: "Nor is it material by whom the street was improved so as to fit it for travel. By whomsoever the work was done, the plaintiff, in common with the public, is entitled to use the street as a highway." Nor is the question as to who had the authority to cause the street to be repaired important. If the defendant is guilty of negligence in repairing a street under contract with the proper authorities, he is a wrongdoer. If he was guilty of negligence in repairing the street without any competent authority, he is *a fortiori* a wrong-doer. It is enough that he left an unguarded hole in the street which he was planking, and that the plaintiff fell into it without any fault on his part. And this sufficiently appears.

The doctrine of *respondeat superior*, invoked by the appellant, has no application, — if for no other reason, because he was not a servant, but an independent contractor. (*Boswell* v. *Laird*, 8 Cal. 469; 68 Am. Dec. 345; *O'Hale* v. *Sacramento*, 48 Cal. 214; *Du Prat* v. *Lick*, 38 Cal. 691; *King* v. *N. Y. Cent. R. R.*, 66 N. Y. 184; 23 Am. Rep. 37; *Hilliard* v. *Richardson*, 3 Gray, 349; 63 Am. Dec. 743; *Reed* v. *Alleghany City*, 79 Pa. St. 302.)

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

THORNTON, J., concurring. — I believe the above conclusion is correct. But I think it is so notwithstanding the ordinance referred to in the opinion. The defendant was guilty of negligence, independent of the ordinance and its provisions. His negligence was patent to every one, and was pronounced and clear though the ordinance had never been passed.