[No. 14855. Department Two. — August 24, 1892.]

A. C. WILLIAMS ET AL., RESPONDENTS, v. THE FRESNO CANAL AND IRRIGATION COMPANY ET AL., APPELLANTS.

TRESPASS — INJURY TO SOIL BY CONTRACTOR — LIABILITY OF CANAL COMPANY. — A canal company, which, for the purpose of raising and otherwise improving its canal, caused the top soil of the land along the side of the canal to be plowed up and scraped away by a contractor who was employed by an agent of the company to do that specified work, is liable to the owner of the land for the damage resulting therefrom.

ID. — LIABILITY FOR ACTS OF INDEPENDENT CONTRACTOR — HARMLESS ACTS NEGLIGENTLY DONE — CONTRACT FOR INJURIOUS ACTS — RESPONDEAT SUPERIOR. — When a person makes an independent contract with another, by which the latter is to do for the former a piece of work in itself harmless, and the latter does the work so carelessly or unskillfully as to injure a third party, the former is not, as a general rule, liable; but when the contract is in its very nature and necessarily injurious to a third party, the doctrine of *respondeat superior* applies.

ID. — AUTHORITY OF AGENT EMPLOYING CONTRACTOR — PAROL EVIDENCE. — It is not necessary that the employment of a surveyor by the canal company to act for it in the matter of repairing and enlarging its canal should be in writing, in order to render the canal company liable for the acts of a contractor employed by the surveyor to take the soil from the adjacent land; but it is sufficient if his authority to make the contract appears by oral testimony.

ID. — AMOUNT OF INJURY TO LAND — EVIDENCE — HARMLESS QUESTION. — Where a witness had testified that the land was worth a certain sum before the digging and scraping by the canal company, and that it was not worth anything afterwards, it is not prejudicial error for the court to allow the plaintiff to ask the witness whether or not he would give as much for the land after the digging and scraping as he would have given before.

APPEAL from an order of the Superior Court of Fresno County denying a new trial.

The facts are stated in the opinion of the court.

*Church & Corey*, for Appellants.

*Sayle & Corey*, for Respondents.

McFARLAND, J. — This action was brought to recover damages for wrongfully digging, plowing, and scraping away the soil of plaintiffs' land, and for an injunction against continuing the said alleged trespasses. The jury returned a verdict for plaintiffs in the sum of $750, for which judgment was entered. Defendant appeals from an order denying a motion for a new trial.

1. The main point urged by appellant is, that the trial court erred in denying a motion for a nonsuit, made upon the ground "that no evidence has been adduced connecting the Fresno Canal and Irrigation Company with the alleged trespass set out in the complaint."

The appellant, a corporation, owned a canal running along the northern side of respondents' land; and for the purpose of raising and otherwise improving the canal, the top soil of respondents' land was plowed up to an average depth of about one foot, and over a space about sixty feet wide and a quarter of a mile long, and scraped off and piled up on the bank of said canal. The work by which this was accomplished was actually done by one Applegarth, and appellant contends that it was not responsible for the result of such work. But it sufficiently appears from the evidence that one Manuel was the surveyor of the appellant, regularly employed at a monthly salary, and that it was his business to have the work done on the canal; that he made some kind of contract (the particulars of which do not appear) with said Applegarth to do said work, and that by said contract said Applegarth was to take the soil from respondents' land. When A makes an independent contract with B, by which the latter is to do for the former a piece of work in itself harmless, and B does the work so carelessly or unskillfully as to injure a third party, A, as a general rule, is not liable. But when the contract is in

its very nature and necessarily injurious to a third party, then the doctrine of *respondeat superior* applies. In such a case the injury does not result from the manner in which the work is done, but from the fact that it is done at all. In *Boswell* v. *Laird*, 8 Cal. 469, 68 Am. Dec. 345, frequently cited as a strong case against the liability of principals, the court, by Judge Field, says: "If the mode and manner which constituted the defect by which the injuries complained of were occasioned had been *inherent in the plan*, and this plan had been devised by Laird and Chambers, which the contractors were engaged to carry out, then liability would attach to Laird and Chambers." In the case at bar, the carrying away of respondents' soil was the very thing contracted for; and it inherently and necessarily caused the injury complained of.

Without reviewing the evidence here at length, it is sufficient to say, that in our opinion, the agency of Manuel to act for the appellant in the matter of repairing and enlarging the canal clearly appears. It was not necessary that his employment for that purpose should have been in writing.

2. The second point made by appellant is, that the verdict is not sustained by the evidence. This, however, is substantially the same as the one made about the nonsuit, and is not tenable.

3. The third and last point made by appellant is, that the court erred in allowing respondent to ask the witness Shipp the following question: "Would you give as much for that eighty acres of land since the digging and scraping as you would have given for that eighty acres of land before?" Assuming that this question was not in proper form, still it is impossible to see how it could have prejudiced appellant. Before the question was asked, the witness had testified at considerable length to the effect that he was a land-owner, and well acquainted with the nature of the soil and the value of land where the premises described in the complaint were situated; and that the digging and scraping had

taken away from the value of the land. He was after-
wards examined minutely, and testified that the land
was worth $250 per acre before the scraping; and he
said: "I think this digging and scraping has damaged
that part dug and scraped to the extent of its whole
value," and that the acres thus injured "would not be
worth anything now." In the face of this testimony, it
was of no importance whether or not he said he would
not give as much for the land after the scraping as be-
fore; of course he would not.

The order appealed from is affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.