[No. 15786.    Department Two.—November 23, 1894.]

EDITH A. CHAPELL, ADMINISTRATRIX, ETC., RE-
SPONDENT, *v.* JOHN A. SCHMIDT, APPELLANT.

APPEAL—HARMLESS ERROR IN INSTRUCTION.—A judgment will not be
reversed for harmless error in giving an irrelevant instruction which
could not prejudice the rights of the appellant or mislead the jury.

ASSAULT AND BATTERY—USE OF FORCE AGAINST TRESPASSER—WEAKNESS
OF MIND.—The fact that the plaintiff was weak in mind at the time of
an alleged assault and battery does not render him the less guilty of an
unlawful act in entering the garden of defendant and breaking flowers
therein, and the defendant had a right to order him out of the premises,
and to use such reasonable force as might be necessary to put him out,
but no more; and, if he used unnecessary force, he is liable in damages
for assault and battery.

ID.—TRESPASS OF OLD MAN UPON FLOWER GARDEN—VIOLENT BATTERY
WITHOUT WARNING.—Where an infirm old man, with a passion for
flowers, in passing a garden with the gate open, went in and commenced
to pick some flowers, whereupon the owner of the garden, rushing into
it, beat him very severely with a cane over the head, neck, shoulders,
and back, without any request to leave, or any warning whatever,
whereby he was severely injured, and never recovered therefrom, the
owner was guilty of an unlawful act in thus assaulting and beating the
old man.

ID.—DAMAGES NOT EXCESSIVE.—In such case a verdict of damages in the
sum of two thousand five hundred dollars is not an excessive verdict.

ID.—EVIDENCE OF PRIOR TRESPASSES—IRRELEVANT QUESTION—HARMLESS
RULING.—Where the answer alleges a prior trespass on the garden of
the defendant on a previous day specified, and that defendant then
gently laid his hands upon the plaintiff, and used no more force than was
reasonably necessary to remove him, a question as to whether plaintiff
had been seen to go on the premises on a prior day to that specified in
the answer is not relevant; and, if the ruling of the court in excluding
the answer were erroneous, it would be harmless where it appears that
other evidence was introduced to show that plaintiff had previously
committed similar trespasses on the same premises.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Lloyd & Wood*, and *Mastick, Belcher & Mastick*, for
Appellant.

Defendant is not liable, as the plaintiff used force in
violently plucking defendant's flowers, and therefore

the defendant was entitled to forcibly eject him without first requesting him to depart. (1 Hilliard on Torts, 4th ed., 205.)

*William T. Baggett*, and *Walter H. Linforth*, for Respondent.

The defendant is liable for the injuries received by the plaintiff resulting from his forcible ejection from the premises, as no request was made of him to leave before force was applied. (3 Greenleaf on Evidence, 13th ed., sec. 65; Cooley on Torts, 167–68; 1 Am. & Eng. Ency. of Law, 800.) The objection to the question asked the defendant, as to what he had seen plaintiff do at prior times in regard to picking flowers, was properly sustained. (*Bundy* v. *Maginess*, 76 Cal. 533.)

McFARLAND, J.—This action was brought by Henry Y. Chapell, an incompetent person, by his guardian, to recover damages for an assault and battery committed on his person by defendant. The verdict and judgment were for plaintiff, and defendant appeals. Some time after the judgment was rendered the said Chapell died, and his administratrix was substituted as plaintiff.

There is no doubt from the evidence that the verdict was eminently just and proper. The jury were fully warranted in finding these facts: Chapell was an infirm old man with a passion for flowers. On August 9, 1893, he was passing the garden of appellant, in which, about four feet from the gate, there was a fuchsia bush in bloom; and, the gate being open, he went in and commenced to pick some fuchsias. The appellant, who was in the vicinity, observed Chapell plucking the flowers, and, rushing into the garden, he beat him very severely with a heavy cane over the head, neck, shoulders, and back, without any request to leave or any warning whatever. Chapell, who was stooping over the bush at the time, made no resistance whatever, and appellant continued to beat him with great force until a lady who witnessed the occurrence sprang in between them and

induced him to desist.  Chapell was severely injured by the beating and never recovered therefrom.

Appellant contends that the judgment should be reversed on account of three rulings which respondent's counsel induced the court to make.

1. The court, at request of respondent, gave the following instruction to the jury: " If you find from the evidence that the plaintiff was weak in mind at the time the alleged assault and beating is claimed to have taken place, then, as matter of law, I charge you that he should not be held to the same strictness in entering the garden of defendant and picking flowers therein as a person mentally sound would be." It is difficult to determine whether or not, as applied to the case at bar, this instruction has any definite meaning.  But conceding that it does mean something, and that it was erroneous, we do not see how it could have prejudiced the rights of appellant.  There was no question about the right of respondent to enter the garden, and it was not claimed that he had such right.  The court instructed the jury in various forms that respondent had no right to go into the garden, and told them, among other things, " that when a person enters within the inclosure of another without the consent of the other, and against his will, that is what is usually known as and called an unlawful breaking and entering," and that if respondent entered the garden " and was then and there engaged in breaking flowers or branches off his (defendant's) fuchsia, then I charge you that he was doing an unlawful act, and the defendant had a right to order him out of his premises and use such reasonable force as might be necessary to put him out." It is not reasonable, therefore, to suppose that an intelligent jury was led astray by the obscure and totally irrelevant instruction about " strictness" above quoted.  The question was: Did the appellant use unnecessary force in ejecting the respondent? And we are satisfied that the jury so understood it.

2. Appellant contends for a reversal, because the court instructed the jury as follows: " I further charge you

that if you find from the evidence in the case that at the time and place mentioned in the complaint the plaintiff was in or on the premises of the defendant without his permission, taking flowers therefrom, yet, notwithstanding this fact, I charge you that if you find that the appellant assaulted and beat the plaintiff as alleged in the complaint, without first requesting him to depart from said premises, and warning him to desist from taking the said flowers, then, as a matter of law, I charge you that the defendant was guilty of an unlawful act," etc. We think that under the facts of this case the instruction was proper. The respondent was not using such force and violence as would have justified the appellant to assault and beat respondent " as alleged in the complaint" without any warning whatever.

3. Appellant contends for a reversal because the court sustained respondent's objection to the following question asked appellant when testifying as a witness: " What had you seen him [plaintiff] do on your premises prior to the ninth day of August last?" We do not think that the question was relevant. The defense set up in the answer on this point was that " on the ninth day of August, 1893," the respondent unlawfully entered his premises and was " then and there" engaged in despoiling, etc., and that appellant "gently laid his hands upon" him, and used no more force than was reasonably necessary to remove him. Moreover, appellant, as stated in his points and authorities, did introduce evidence to show "that plaintiff had previously committed similar trespasses on the same premises."

There are no other points made by appellant, although there is an allusion made to the amount of the verdict as excessive. If the point were expressly made we could not hold that two thousand five hundred dollars was an excessive verdict.

The judgment and order denying a new trial appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.