[L. A. No. 2410.  Department Two.—April 8, 1910.]

ANGUSTIAS A. KIRK, Respondent, v, SANTA BARBARA ICE CO. (a Corporation), Appellant; GEORGE E. VOORHEES, JR. and CHARLES C. PIKE, Respondents.

FRANCHISE TO LAY MAIN IN STREETS—LICENSE TO CONNECT WITH SHOP —DUTY TO RESTORE STREET AND SIDEWALK CANNOT BE DELEGATED— RESPONDEAT SUPERIOR.—An ice company having a franchise from a city to lay a refrigerating main in the streets, and having a license to tear up the street and sidewalk to connect the same with a shop, is bound to use due care as the work progresses, and owes a duty to the public to restore the street and sidewalk, which it cannot evade by authorizing the owner of the shop to employ an independent contractor to restore the sidewalk, and is liable in damages for a person injured by falling into the trench on the sidewalk.  In such case, the rule *respondeat superior* applies to the ice company.

ID.—UNTENABLE OBJECTION AGAINST VERDICT—PREJUDICE AGAINST CORPORATION—ERROR NOT ASSIGNED.—An objection that the verdict is unjust and shows prejudice against the corporation, because no verdict was found against the contractor employed by the shopman to fix the sidewalk, is not tenable where no assignment of error on the ground of the jury's prejudice appears in the motion for a new trial.

ID.—VERDICT NOT SHOWN TO BE EXCESSIVE.—It cannot be said that the verdict shows prejudice as being excessive where the transcript contains no testimony as to the plaintiff's injuries.

ID.—ABSTRACT INSTRUCTIONS AS TO CONTRIBUTORY NEGLIGENCE—PLEADING BY ONE DEFENDANT—FAILURE OF ANOTHER—WANT OF EVIDENCE. —Instructions as to contributory negligence, and that the pleading of contributory negligence by one defendant is not available in favor of another who fails to plead it, though abstractly correct, need not be specially considered where no evidence appears in the record tending to show any contributory negligence, and the jury specially found that plaintiff used ordinary care and prudence in approaching the obstruction in the sidewalk.

ID.—PREJUDICE FROM ERROR IN INSTRUCTIONS MUST APPEAR.—To justify this court in reversing a case because of error in an instruction, appellant must show that harm resulted from it.

ID.—SUPPOSITION OF ERROR AND FINDING OF CONTRIBUTORY NEGLIGENCE. —If the instructions were erroneous, and if the jury had found plaintiff guilty of contributory negligence in favor of the contractor employed by the shopman and against the ice company, it might perhaps have cause of complaint; but harm could not result from the error, in view of the finding that there was no contributory negligence.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. L. James, Judge presiding.

The facts are stated in the opinion of the court.

Day & Day, for Appellant.

H. C. Booth, and L. H. Roseberry, for Respondents.

MELVIN, J.—This is an appeal by the Santa Barbara Ice Company (a corporation) from a judgment against it for damages in the sum of five hundred dollars and from an order denying its motion for a new trial.

The action was for personal injuries caused by an obstruction placed on a sidewalk in the city of Santa Barbara by Charles C. Pike, one of the defendants herein. He had restored the cement which had been torn up for the purpose of digging a trench in which pipes were laid connecting a certain shop, owned by one Abraham, with the refrigerating main of the ice company located beneath the street. George E. Voorhees, Jr., an officer of the ice company, in whose name its franchise to lay pipes in the streets of the city of Santa Barbara had been obtained, was also a defendant, but a motion for nonsuit in his behalf was granted by the court, as it appeared that the corporation was the owner of the franchise, and that Mr. Voorhees had acted for it in obtaining the authority to lay the pipe for the refrigerating system.

It appears from the evidence that the Santa Barbara Ice Company caused the digging of the trench across the sidewalk to Abraham's place of business and that the earth was replaced, after the installation of the pipe, by the company's workmen under direction of a foreman employed by the corporation. Pike, who was a cement worker, called upon Abraham and solicited the contract for repairing the sidewalk. He was referred to Grant, the acting manager of the ice company, with whom he communicated by telephone. His account of the conversation over the wire differs from that of Grant, but the jury evidently acted principally upon Pike's testimony. According to Pike, Grant expressed surprise that application for the contract to do the work should be made to him, as he and Abraham had talked the matter over, and he

had left it to Abraham. He said that there were other repairs to the sidewalk needed, in addition to those made necessary by the digging of the trench; that he had told Abraham to have the sidewalk repaired; and that the ice company would be responsible for that part of the work required to cover the break in the sidewalk produced by the digging of the trench. After reporting this conversation to Abraham, Pike did the work of restoring the sidewalk and placed boards and earth over that part of it which had been rendered necessary by the excavation made for the ice company. This obstruction was not protected by barriers nor lights. Over it the plaintiff fell and sustained the injuries for which the jury awarded her damages. Witness Grant remembered the fact that he had conversed with Pike and had referred him to Abraham. He also testified that Abraham had agreed to fix the sidewalk, but admitted that if Abraham required it he (Pike) was "to have the sidewalk fixed to cover up the trench."

From this evidence the jury was justified, we think, in concluding that the Santa Barbara Ice Company, through its manager, delegated to Mr. Abraham the selection of some one to restore that part of the sidewalk broken in the process of preparing to lay the pipe. As a licensee operating under its permission to tear up a public street for the purposes of its business, it was bound to restore that street and to use due precaution for the protection of the public while the work was in progress. It cannot escape responsibility upon the theory that the restoration of the sidewalk was under the control of an independent contractor, for its franchise imposes upon it a duty to the public which it cannot evade by the mere device of authorizing some person to have the work done. In such cases the rule *respondeat superior* applies. (*Colegrove* v. *Smith*, 102 Cal. 223, [36 Pac. 411]; *Luce* v. *Holloway*, 156 Cal. 162, [103 Pac. 886].)

Appellant's counsel contend that a verdict which exonerates Pike and holds the ice company responsible for plaintiff's injuries is absurd, and while they concede the point that the ice company "cannot complain of an error of the jury or court which exonerates one defendant and holds another responsible, if the latter is in fact responsible," they earnestly assert that the verdict shows prejudice on the part of the jurors against the corporation. Whether or not this conten-

CLVII Cal.—38

tion be correct, we need not determine, for no assignment of error on the ground of the jury's prejudice appears in the notice of intention to move for a new trial, and therefore the point cannot be here considered. (Code Civ. Proc., sec. 659, subd. 4.) Even if we could consider the matter of prejudice we could not say whether or not the verdict was excessive because the transcript does not give the testimony with reference to plaintiff's injuries.

The court gave the following instruction:—

"Contributory negligence is such negligence on the part of the plaintiff as contributes directly or proximately to cause the injury suffered.

"A person is negligent who fails to use such care as a person of ordinary prudence and caution should use under the same conditions and circumstances.

"Defendant Pike has pleaded as a part of his defense that plaintiff was negligent and that her negligence contributed to cause the injury suffered by plaintiff. This is a special defense and is not pleaded in the defense set forth in the answer of defendant Santa Barbara Ice Company. Therefore if you find that the defendant Pike was negligent in the particulars set forth in plaintiff's complaint, and that through his negligence plaintiff was injured, but also find that plaintiff failed to use ordinary care, and that her own negligence contributed to cause the injury suffered by her, then she cannot recover as against defendant Pike. On the other hand, if you find that the defendant Santa Barbara Ice Company was negligent in the particulars set forth in plaintiff's complaint, and that through its negligence plaintiff was injured, then you should find a verdict against said defendant Santa Barbara Ice Company notwithstanding you may find that plaintiff's own negligence may have contributed to cause her injury."

Of this instruction appellant complains upon the grounds:— 1. That the issue of contributory negligence was raised by the allegation in the complaint that the injury occurred without fault or negligence on plaintiff's part and the traverse thereof in the answer; 2. As there was but one act of negligence of which complaint was made, and that was Pike's, his special plea of contributory negligence should have been available for all purposes of the case; 3. That the case was necessarily tried with this issue before the jury; 4. That no competent

evidence on the issue of contributory negligence could have been excluded from the jury; 5. That the case was, as a matter of fact, tried upon that issue. It is unnecessary, however, to consider this instruction critically, for no evidence is recorded in the statement of the case tending to show contributory negligence, nor does anything with reference to that issue appear except perhaps inferentially from the special finding of the jury that plaintiff used ordinary care and prudence in approaching the obstruction on the sidewalk. For aught that appears in the record, it may have been conceded by defendant that no contributory negligence existed. To justify us in reversing a case because of error in an instruction appellant must show that harm resulted from giving the special instruction. (*Los Angeles Cemetery Assoc.* v. *City of Los Angeles,* 103 Cal. 461, [37 Pac. 375]; *Chapell* v. *Schmidt,* 104 Cal. 511, [38 Pac. 892]; *Allen* v. *McKay,* 120 Cal. 337, [52 Pac. 828]; *Edwards* v. *Wagner,* 121 Cal. 376, [53 Pac. 821]; *State Loan & Trust Co.* v. *Cochran,* 130 Cal. 245, [62 Pac. 466, 600].) If the instruction were erroneous and if the jury had found plaintiff guilty of contributory negligence while finding in favor of Pike and against the ice company, then perhaps the latter would have cause for complaint; but we cannot see how harm resulted to it in view of the finding that there was no contributory negligence. We think, however, that the instruction as an abstract proposition of law is correct, although its bearing upon the case as disclosed by the statement is not obvious.

From the foregoing discussion and the conclusions reached, it follows that the judgment in favor of plaintiff and the order denying appellant's motion for a new trial must be affirmed, and it is so ordered.

Lorigan, J., and Henshaw, J., concurred.