[Crim. No. 1547. First Appellate District, Division One.—July 27, 1929.]

THE PEOPLE, Respondent, v. WILL WILLIAMS, Appellant.

Martin C. Thuesen for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged in an information filed in the Superior Court in and for the County of Fresno with a felony, to wit, the possession of a blackjack or slungshot. He was convicted, and from the judgment and an order denying his motion for a new trial has appealed.

The information was based on section 1 of chapter 323 of the Statutes of California (Stats. 1925, p. 542). The section provides that "Every person who . . . possesses any instrument or weapon commonly known as a blackjack, slungshot . . . shall be guilty of a felony, and upon conviction thereof shall be punishable by imprisonment in the state prison for not less than one year nor more than five years. . . . " As grounds for the appeal it is contended that the evidence of the character of the instrument found in defendant's possession was insufficient to justify the finding of the jury that the same was a blackjack or slungshot, or to warrant a verdict of guilty; that the verdict was contrary to law in that there was no evidence upon which the jury could find that the defendant had possession of either a blackjack or slungshot as the same were

defined in the court's instructions to the jury, and that the jury was misdirected as to matters of law.

On February 10, 1929, the defendant with others was arrested in a resort near Firebaugh, in Fresno County. There was found in his pocket a flat steel wrench about six inches in length and weighing approximately five ounces. In the same pocket was found a looped leather strap about twelve inches long so contrived by means of wire and leather thongs as to allow the wrench to be placed in a pocket at one end, while the end forming the loop could be slipped over the wrist of the user and held in the hand. While the two were not combined at the time they were found, an inspection shows beyond a reasonable doubt that they were designed to be, and when joined were capable of being, used as an offensive weapon of deadly character.

Webster's International Dictionary defines a blackjack as a small leather-covered club or billy, weighted at the end, and having an elastic shaft; and a slungshot as a small mass of metal or stone fixed on a flexible handle, strap or the like, used as a weapon.

Defendant claims that the articles found in his possession are not within either definition, but an inspection shows that when combined they were well within the last; and the question whether this was true was properly submitted to the jury (*People* v. *McPherson*, 220 N. Y. 123 [115 N. E. 515]), whose verdict is fully supported. The rule is well settled that a deadly weapon does not cease to be such by becoming temporarily inefficient, nor is its essential character changed by dismemberment if the parts may be easily assembled so as to be effective (*Mitchell* v. *State*, 99 Miss. 579 [Ann. Cas. 1913E, 512, 34 L. R. A. (N. S.) 1174, 55 South. 354]; *Hutchinson* v. *State*, 62 Ala. 3 [34 Am. Rep. 1]; *Fielding* v. *State*, 135 Ala. 56 [33 South. 677]; *People* v. *Freeman*, 86 Cal. App. 374 [260 Pac. 826]).

In its instructions to the jury the court defined a blackjack or slungshot as "a small leather-covered club or billy weighted at the head and having an elastic shaft," and charged the jury that unless they believed that the property found in defendant's possession was a blackjack or slungshot they must find him not guilty. As stated, the above is the definition of a blackjack as given by Webster, a slungshot being otherwise defined, and defendant

claims · that the instruction was consequently erroneous. Assuming this to be true, the instruction was not prejudicial to the defendant, but rather to the prosecution, and the error is not a ground for reversal (*Kirk* v. *Santa Barbara Ice Co.*, 157 Cal. 591 [108 Pac. 509]; *People* v. *Harris*, 169 Cal. 53 [145 Pac. 520]). The jury, however, disregarded the instruction—which they might properly do (*O'Neill* v. *Thomas Day Co.*, 152 Cal. 357 [14 Ann. Cas. 970, 92 Pac. 856])—and impliedly found, in accordance with the evidence, that the weapon was a slungshot.

The defendant was fairly tried and convicted upon sufficient evidence, and no error appears which can fairly be said to have resulted in a miscarriage of justice.

The judgment and order are affirmed.