[Civ. No. 16364. Second Dist., Div. Two. Oct. 26, 1948.]

THOMAS R. BARRABEE, a Minor, etc., et al., Appellants, v. CRESCENTA MUTUAL WATER COMPANY (a Corporation) et al., Respondents.

Samuel P. Young for Appellants.

Forrest A. Betts, Walter Ely and William J. Currer, Jr., for Respondents.

WILSON, J.—This is an action for damages for personal injuries alleged to have been suffered by plaintiff and damage to his automobile resulting from an accident purporting to have been caused by defendant's negligence.

From a judgment in favor of defendant entered upon a directed verdict plaintiff appeals.

The facts which are not disputed are that defendant employed the Barber-Bridge Drilling Corporation, Limited, an independent contractor, to drill a water well on defendant's property; that the contractor dug a sump hole to receive the excess water, sand, gravel and mud occasioned by this operation but nevertheless a certain amount of water and subsoil flowed across Honolulu Avenue; that on the night of the accident plaintiff was driving his car in a westerly direction on Honolulu Avenue at a speed of about 35 miles an hour when his car skidded, went out of control and collided with a tree, causing the injuries complained of. Rain had begun to fall just prior to the accident, which occurred about 8 p. m. There were no lights or barriers at the place where the subsoil had flowed across Honolulu Avenue.

The record discloses that on June 14, 1945, plaintiff filed an action for damages against this defendant and the Barber-Bridge Drilling Corporation, Limited, the allegations in the complaint being substantially the same as in this action. Both defendants answered denying liability and as an affirmative defense alleging contributory negligence on the part of plaintiff. Prior to trial plaintiff dismissed the suit as to defendant Crescenta Mutual Water Company. The action against the Barber-Bridge Corporation was tried to a jury, resulting in a verdict in favor of the defendant.

The present action was filed April 23, 1946. At the time of trial the judgment in the first action had become final. Defendant in its answer denied liability, alleged contributory negligence and pleaded res judicata. When plaintiff had presented evidence and rested, defendant moved for a directed verdict upon four grounds, one of them being that a judgment in favor of the.independent contractor in the prior action is res judicata of the present action. The motion was granted and the court in its instructions to the jury indicated that its

reasons for directing them to bring in a verdict for defendant was, among others, that the matter was res judicata. The court did not specifically mention the other grounds for a directed verdict.

It is conceded that defendant employed an independent contractor to drill the well and that it was in connection with this operation that the water, sand, gravel and mud were permitted to flow across Honolulu Avenue. Any liability on the part of defendant must, therefore, be predicated upon one of two grounds: (1) that defendant is a joint tort feasor or (2) that defendant is liable under the doctrine of *respondeat superior*.

1. *Defendant's liability as a joint tort feasor.* It is admitted that the work of drilling the well was being performed by the Barber-Bridge Corporation as an independent contractor. Hence the condition complained of must have been caused by that corporation which allowed the subsoil to flow across the street. Plaintiffs contend that defendant is jointly liable with the Barber-Bridge Corporation because of its supervision over the work of the independent contractor and cites *La Malfa* v. *Piombo Bros.*, 70 Cal.App.2d 840 [161 P.2d 964]. That case may be differentiated upon its facts. Plaintiff sued for damages to its truck. The defendant was in possession and control of the private road upon which the trucks of the independent contractor, as well as other vehicles, were operating and upon which the accident occurred. The court stated that the general principle that a person is not liable for the negligence of an independent contractor would not apply if the "defendants were in possession and control of the private roads and negligently permitted operations to be continued thereon as a result of which a person of ordinary prudence could foresee that a collision such as actually occurred was likely to ensue." In the instant case there is no contention that the defendant was in control of any part of the work. Even though it be true that defendant had some supervision over the drilling of the well, that is immaterial if, in fact, the Barber-Bridge Corporation was acting as an independent contractor. The only possible negligence on the part of defendant would be its failure to remove the condition or its failure to warn motorists of its existence by the use of lights or barriers.

Generally the principle of res judicata applies only between parties to the original judgment or their privies. But in a tort action lack of privity in the former action does

not prevent an estoppel where defendant's liability is predicated upon the culpability of another who was the immediate actor and who was exonerated in an action against him by the same plaintiff for the same act. (*Duell, Inc.* v. *Metro-Goldwyn-Mayer Corp.*, 128 Cal.App. 376, 383 [17 P.2d 781]; *Bank of Orland* v. *Stanton*, 135 Cal. 593, 596 [67 P. 1035]; *Bradley* v. *Rosenthal*, 154 Cal. 420, 425 [97 P. 875, 129 Am.St.Rep. 171]; *Triano* v. *F. E. Booth & Co., Inc.*, 120 Cal.App. 345, 347 [8 P.2d 174].) The situation is analogous to that of principal and agent. (*Triano* v. *F. E. Booth & Co., Inc., supra.*)

■ In the action against the Barber-Bridge Corporation, which resulted in a verdict and judgment for the defendant, there was an implied finding that there was no negligence on the part of the defendant in allowing the subsoil to flow across the street; also, there was an implied finding that the plaintiff was contributorily negligent. The immediate actor having been exonerated, defendant in this action cannot be held liable for the same act, since the issues with respect to (1) negligence in allowing the subsoil to flow across the street, (2) negligence in failing to remove it, and (3) the contributory negligence of plaintiff are res judicata.

■ 2. *Defendant's liability under the doctrine of respondeat superior.* Plaintiff admits the law to be that a judgment in favor of one of several alleged tort feasors is a bar to an action against the others who were not parties in the prior action if the liability of the latter is solely derivative because of the doctrine of *respondeat superior*. Ordinarily, where an owner employs an independent contractor, the rule of *respondeat superior* does not apply and he is not liable for the negligence of the contractor. (*Boswell* v. *Laird*, 8 Cal. 469, 495 [68 Am.Dec. 345]; *Barton* v. *McDonald*, 81 Cal. 265, 267 [22 P. 855]; *Robbins* v. *Hercules Gasoline Co.*, 80 Cal.App. 271, 273 [251 P. 697].) Plaintiff, however, relies upon the exception to this rule that one who employs an independent contractor is responsible for a dangerous condition created in the public streets by the negligence of the contractor. The cases supporting this exception fall into three classes: (1) Those in which the defendant has obtained permission to excavate the streets; in such cases the principle which places liability on the defendant is the latter's duty and obligation under his contract with the municipality which permitted him to tear up the street, to do the work with due care, the consequences of which the defendant could not shift by an attempted delegation of duty. (*Colgrove* v. *Smith*, 102 Cal. 220, 224 [36 P.

411, 27 L.R.A. 590]; *Luce* v. *Holloway,* 156 Cal. 162, 164-165 [103 P. 886]; *Kirk* v. *Santa Barbara Ice Co.,* 157 Cal. 591, 593 [108 P. 509]); (2) those in which danger and peril inhere in the very nature of the work and where, therefore, it would be unjust that the responsibility for injury resulting from or occasioned by such danger should be passed on to the contractor (*Williams* v. *Fresno C. & I. Co.,* 96 Cal. 14, 16 [30 P. 961, 31 Am.St.Rep. 172]); (3) those in which an owner is prohibited by statute from excavating or obstructing a public street without a permit and if he acts in violation of law he has created a nuisance *per se.* (*Colgrove* v. *Smith, supra; Luce* v. *Holloway, supra.*) The instant case does not fall within any of the above mentioned classes. The general rule therefore applies and the liability, if any, falls upon the independent contractor.

█ Under either theory advanced by plaintiff the doctrine of res judicata applies. Having determined this question, it is not necessary to decide whether the verdict and judgment are supported upon the other grounds included in defendant's motion for a directed verdict.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 23, 1948. Carter, J., voted for a hearing.