**258**

Joseph W. WILLOUGHBY, Plaintiff,

v.

Waldo FLEM, Defendant.

Civ. No. 106.

United States District Court
D. Montana,
Billings Division.

Jan. 13, 1958.

Joseph P. Hennessey, Billings, Mont., for plaintiff.

Wiggenhorn, Hutton, Schiltz & Sheehy, Billings, Mont., for defendant.

JAMESON, District Judge.

Defendant has filed a Motion for Summary Judgment based upon the pleadings in this action, the affidavit of the defendant, and certified copies of the pleadings, court minutes and judgment in Cause No. 3226 in the District of Stillwater County, Montana, entitled Joseph W. Willoughby, Plaintiff, v. Dora Flem and Waldo Flem, defendants, attached as exhibits to defendant's answer.

On October 25, 1957, defendant served and filed Request for Admissions with respect to the proceedings in the District Court of Stillwater County, Montana. Various pending motions were presented to the court on December 23, 1957, and following oral argument thereon, the plaintiff was granted 10 days from that date within which to serve and file his answer to the Request for Admissions. No answer to the Request for Admissions has been filed. The truth of the matters on which admissions were requested and the genuineness of the documents described in the request accordingly are deemed admitted. Rule 36, Federal Rules of Civil Procedure, 28 U. S.C.A. No counter-affidavits have been filed on behalf of plaintiff.

It is defendant's contention that plaintiff is estopped from asserting a claim against the defendant in this action by reason of the adjudication of the same issues in the action in the District Court of Stillwater County, Montana. The defense of res judicata is a proper ground for summary judgment. Sabin v. Home Owners' Loan Corporation, 10 Cir., 1945, 151 F.2d 541, and Tuolumne Gold Dredging Corp. v. Walter W. Johnson Co., D.C.N.D.Cal.1947, 71 F.Supp. 111.

An examination of the complaint filed in the action in the District Court of Stillwater County, Montana reveals that the factual situation there relied on is identical with the one on which plaintiff seeks recovery here, and arises out of an accident occurring June 19, 1954, wherein an automobile owned by Dora and Waldo Flem and driven by Dora Flem struck the plaintiff as he was crossing the highway. That action was disposed of, as the judgment and court minutes reveal, by a trial held in that court on December 3, 1956, wherein at the close of all the evidence a motion of dismissal was granted as to the defendant Waldo Flem and a jury verdict was returned in favor of the defendant Dora Flem.

The complaint here is in nearly all respects identical with the one in that action except that Dora Flem is not included as a party defendant and the complaint here contains additional allegations as follows:

"That the said automobile that struck the plaintiff as aforesaid, was owned by the defendant Waldo Flem and the operator Dora Flem jointly, and was then and there being driven by them for their mutual benefit and under their joint control while the said parties were engaged in a joint enterprise." (Par. IV.)

It is defendant's contention that plaintiff is estopped from asserting this action by reason (1) of the judgment of dismissal entered by the District Court of Stillwater County, Montana, against this defendant; and (2) the judgment entered by that court in favor of Dora Flem pursuant to jury verdict in her favor. Plaintiff contends that the dismissal entered against Waldo Flem was without prejudice to this action, and that the judgment against the joint tortfeasor, Dora Flem, is not a bar to this action.

The minutes of the Stillwater County Court of December 5, 1956 recite that "motion to dismiss from above cause of Waldo Flem was granted by the Court". The judgment entered December 8, 1956 reads in part as follows: " * * * evidence was introduced on behalf of the plaintiff and the defendants and both parties having rested their case, the defendant Waldo Flem, by and through his counsel, moved the court to take from

consideration of the jury any cause of action alleged by the plaintiff against the defendant Waldo Flem and that the cause be dismissed as to said defendant, Waldo Flem; said motion having been granted by the Court * * *. It is Hereby Ordered and This Does Order that the above-entitled action be dismissed as to the defendant, Waldo Flem and that said plaintiff have and recover nothing from said defendant * * *".

■ Does this constitute a dismissal which will bar this action? Section 93–4708, R.C.M.1947 provides that "a final judgment dismissing the complaint, either before or after a trial, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered on its merits". Whether a judgment of dismissal is on the merits depends largely on the facts and circumstances of the particular case. Schuster v. Northern Co., 127 Mont. 39, 257 P.2d 249.

The Montana Supreme Court in Dunseth v. Butte Electric R. Co., 41 Mont. 14, 108 P. 567, 568 held that a verdict directed for the defendant at the close of the evidence in a trial in federal court barred a subsequent action on the same facts in state court. In that case the judgment recited that the court, "having under consideration all of the evidence introduced in said action, and being fully informed in the premises", directed the jury to render a verdict for the defendant.

The Montana Supreme Court has held in numerous cases that "a judgment of non-suit is not a judgment on the merits, and nothing short of a judgment on the merits can prevent a new action". McCulloch v. Horton, 102 Mont. 135, 56 P.2d 1344, 1347, and cases there cited. In those cases, however, the judgment for nonsuit was entered at the close of plaintiff's evidence. Here, the judgment of dismissal was entered at the close of all the evidence.

In view of the absence of an express declaration in both the court minutes and judgment, there is some question as to whether there was a judgment on the merits in favor of Waldo Flem. This, however, is immaterial. There is no question that there was a judgment on the merits in favor of Dora Flem and, in my opinion, that judgment is a bar to plaintiff's action here.

■■ Plaintiff argues that a judgment against one joint tort-feasor is not a bar to an action against the other joint tort-feasor. Counsel has failed to distinguish, however, between "joint tort-feasors" and "joint adventurers". The term "joint tort-feasor" is broader than "joint adventurer". Independent tort-feasors who concur to cause a single injury may be regarded in law as joint tort-feasors, even though they are not joint adventurers, 86 C.J.S. Torts § 34, p. 949. Concert of action in the execution of a common purpose is essential to a joint adventure or joint enterprise.

■■ It is true that as a general rule a judgment adverse to the plaintiff in an action against one of several tort-feasors is not a bar to an action against another tort-feasor. The rule is otherwise, however, where the liability of the defendant in the second action is necessarily dependent upon the culpability of the defendant in the first action. The rule here applicable is well stated by Corpus Juris Secundum as follows:

"* * * if the liability of a person sued for tort is necessarily dependent on the culpability of another, who was the immediate actor and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, defendant may set up such judgment as a bar." 50 C.J.S. Judgments § 760c, p. 286.

In the case of Barrabee v. Crescenta Mutual Water Company, 1948, 88 Cal. App.2d 192, 198 P.2d 558, 560, the court said:

"Generally the principle of res judicata applies only between parties to the original judgment or their privies. But in a tort action lack of privity in the former action

does not prevent an estoppel where defendant's liability is predicated upon the culpability of another who was the immediate actor and who was exonerated in an action against him by the same plaintiff for the same act. (Citing cases.) The situation is analogous to that of principal and agent."

The case of res judicata is even stronger where, as here, it is conceded that the defendant and his wife were engaged in a joint enterprise, and the complaint specifically alleges that the automobile was under their joint control. The negligence of either in its operation would be imputed to the other. 65 C.J.S. Negligence § 90, p. 602. There are no allegations charging the defendant with any separate or specific acts of negligence of his own. Liability, if any, must be predicated upon imputing to defendant the negligence of Dora Flem, the operator of the vehicle.

The reason for application of the rule of res judicata was well stated by the Court of Appeals of the Ninth Circuit in Norton v. San Jose Fruit-Packing Co., 1897, 83 F. 512, 514:

"The general proposition that a judgment or decree of a court of competent jurisdiction between the same parties, and all parties privy thereto, upon the same issues, is, as a plea, a bar, or as evidence conclusive, is well settled. Whenever a cause has been once fairly tried, fully heard, and finally decided, upon its merits, by a competent tribunal, the same questions, as between the same parties or their privies in interest, ought not to be tried over again. They should be considered as forever settled. This rule is necessary for the repose of society."

In the Case of Loughran v. Reynolds, 1945, 70 Cal.App.2d 241, 160 P.2d 904, 905, it was recognized:

"A common application of the rule (res judicata) is to be found in cases growing out of automobile collisions, where it has been held that if the driver of a vehicle is sued and is exonerated by a judgment on the merits the judgment in his favor bars a similar action against the employer of the driver by the same plaintiff who sues upon the same set of facts."

The same rule is applicable to joint adventurers. The judgment on the merits in favor of Dora Flem, the operator of the automobile, is a bar to an action against the defendant upon the same set of facts.

Defendant's motion for summary judgment accordingly is granted.