TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 98-1004 |
| of | : | February 5, 1999 |
| BILL LOCKYER Attorney General | : | |
| CLAYTON P. ROCHE Deputy Attorney General | : | |

THE HONORABLE DEAN D. FLIPPO, DISTRICT ATTORNEY, MONTEREY COUNTY, has requested an opinion on the following question:

May a person, without permission, possess in a school zone two separate parts of a firearm that lock together by pushing a button and moving a pin?

CONCLUSION

A person may not, without permission, possess in a school zone two separate parts of a firearm that lock together by pushing a button and moving a pin.

ANALYSIS

The question presented for resolution concerns a statute that prohibits possession of a "firearm" in a school zone. Does the prohibition of Penal Code section 626.9[1] apply when the "firearm" has been dismantled into two parts that lock together by pushing a button and moving a pin? We conclude that the statutory prohibition applies in the described circumstances.

Subdivision (b) of section 626.9 provides:

"Any person who possesses a firearm in a place that the person knows, or reasonably should know, is a school zone, as defined in paragraph (1) of subdivision (e), unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority, shall be punished as specified in subdivision (f)."

Subdivision (f) of section 626.9 specifies the punishment for a violation of the statute as imprisonment in a county jail or state prison, depending upon the particular circumstances.

For purposes of section 626.9, the term "firearm" is defined in subdivision (e)(2) of the statute as follows: " 'Firearm' has the same meaning as that term is given in Section 12001." Turning, then, to section 12001, we find that it provides in relevant part:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) As used in this title [sections 12000-12654], 'firearm' means any device, designed to be used as a weapon, from which is expelled through a barrel a projectile by the force of any explosion or other form of combustion.

"(c) As used in Sections 12021, 12021.1, 12070, 12071, 12072, 12073, 12078, and 12101 of this code, and Sections 8100, 8101, and 8103 of the Welfare and Institutions Code, the term 'firearm' includes the frame or receiver of the weapon.

---

[1] All references hereafter to the Penal Code are by section number only.

"(d) For the purposes of Sections 12025 and 12031, the term 'firearm' also shall include any rocket, rocket propelled projectile launcher, or similar device containing any explosive or incendiary material whether or not the device is designed for emergency or distress signaling purposes.

"(e)(1) For purposes of Sections 12070, 12071, and subdivisions (b), (c), (d), and (f) of Section 12072, the term 'firearm' does not include an unloaded firearm which is defined as an 'antique firearm' in Section 921(a)(16) of title 18 of the United States Code.

"(2) For purposes of Sections 12070, 12071, and subdivisions (b), (c), and (d) of Section 12072, the term 'firearm' does not include an unloaded firearm that meets both of the following:

"(A) It is not a pistol, revolver, or other firearm capable of being concealed upon the person.

"(B) It is a curio or relic, as defined in Section 178.11 of Title 27 of the Code of Federal Regulations.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Accordingly, section 12001 defines the term "firearm" differently for purposes of different statutes. It does not expressly refer to section 626.9. Which definition or definitions are applicable for purposes of the latter statute?

In addressing this question, we apply well recognized principles of statutory construction. "To interpret statutory language, we must 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (*California Teachers Assn.* v. *Governing Bd. Of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632.) In determining the Legislature's intent, we are to "scrutinize the actual words of the statute giving them a plain and commonsense meaning. [Citations.]" (*People* v. *Valladoli* (1996) 13 Cal.4th 590, 597.) "In construing a statute, a court may consider the consequences that would follow from a particular construction and will not readily imply an unreasonable legislative purpose. Therefore a practical construction is preferred." (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1147.) "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . ." (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.) " '[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the

extent possible. [Citations.]' " (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.)  Finally, a " 'specific provision relating to a particular subject will govern a general provision.' " (*Woods* v. *Young* (1991) 53 Cal.3d 315, 325.)

Section 12001 has a general definition of the term "firearm" (subd. (b)), two additional "includes" definitions (subds. (c), (d)), and two specific exclusions (subd. (e)(1), (e)(2)). None of these provisions refer to section 626.9.  Does section 626.9 incorporate each of them, only one, more than one?  We believe that a commonsense interpretation allows section 626.9 to refer to each of the definitions of the term "firearm" contained in section 12001. No single definition is favored over the others except that the specific governs the general where applicable.  Such a construction harmonizes the various definitions to the extent possible and gives meaning to each of them.

Adopting this construction of section 626.9, we find that possessing a firearm that has been dismantled into two parts meets the general definition of a "firearm" contained in subdivision (b) of section 12001.  It has long been held in various contexts that possession of a weapon is prohibited even when the weapon is possessed in a dismantled state.  "The rule is well settled that a deadly weapon does not cease to be such by becoming temporarily inefficient, nor is its essential character changed by dismemberment if the parts may be easily assembled so as to be effective [citations]." (*People* v. *Williams* (1929) 100 Cal.App. 149, 151; accord, *People* v. *Jackson* (1968) 266 Cal.App.2d 341, 348; *People* v. *Guyette* (1964) 231 Cal.App.2d 460, 467.)  The fact that the firearm is inoperable while being possessed does not change the conclusion.  (See *People* v. *Nelums* (1982) 31 Cal.3d 355, 359-360; *In re Arturo H.* (1996) 42 Cal.App.4th 1694, 1697-1698;  *People* v. *Steele* (1991) 235 Cal.App.3d 788, 795; *People* v. *Marroguin* (1989) 210 Cal.App.3d 77, 81-82; *People* v. *Taylor* (1984) 151 Cal.App.3d 432, 437; *People* v. *Talkington* (1983) 140 Cal.App.3d 557, 563; *People* v. *Thompson* (1977) 72 Cal.App.3d 1, 5; *People* v. *Favalora* (1974) 42 Cal.App.3d 988, 994.)

Of course, the possession of a firearm while in two separate parts would also be covered by the specific definition of "firearm" contained in subdivision (c) of section 12001.  One of the parts would be "the frame or receiver of the weapon."  As for the other definitions of "firearm" set forth in section 12001 that consitute exclusions, we have no facts to find these definitions applicable.  (§ 12001, subd. (d) [rocket], (e)(1) [unloaded antique firearm], (e)(2) [unloaded curio or relic].)

In summary, possession of two separate parts of a firearm that lock together by pushing a button and moving a pin is possession of a "device, designed to be used as a weapon, from which is expelled through a barrel a projectile by the force of any explosion or other form of combustion" (§ 12001, subd. (b)) as well as "the frame or receiver of the weapon" (§ 12001, subd. (c).)  Accordingly, we conclude that a person may not, without

permission, possess in a school zone two separate parts of a firearm that lock together by pushing a button and moving a pin.

* * * * *