[No. 15984.     Department One.—December 30, 1895.]

HANNAH BUTLER, APPELLANT AND RESPONDENT, *v.* THOMAS ASHWORTH ET AL., APPELLANTS AND RESPONDENTS.

TORTS—DAMAGE BY BROKEN SEWER—SATISFACTION OF JUDGMENT AGAINST CITY — EXTINGUISHMENT OF JUDGMENT AGAINST SUPERINTENDENT OF STREETS.—Where judgment was obtained against the city and county of San Francisco, in an action to recover for damages caused by a broken sewer, owing to the negligence of the city properly to repair the same, and subsequent to the recovery of such judgment, and before satisfaction thereof, another judgment was obtained against the superintendent of streets and his deputies, for the same injury, upon a complaint charging them with the making of repairs in such a negligent manner as directly to conduce to the injury complained of, after which there was a satisfaction of the judgment against the city, the judgment against the superintendent of streets and his deputies is thereby extinguished, excepting as to the costs of action, and the defendants in that action are entitled to an order restraining and enjoining the plaintiff from issuing or enforcing execution thereunder, and that the judgment against them be ordered satisfied of record.

ID.—JOINT TORT-FEASORS—ONLY ONE SATISFACTION ALLOWABLE.—There can be but one satisfaction accorded for the same wrong; and if several persons are guilty in common of a tort, though the injured one may at his election sue them individually or together, he cannot, by suing each wrongdoer alone, secure more than one compensation for the same injury; and if he sue one alone, and is paid damages for the wrong, his remedy is at an end, and he is barred from further recovery against the others.

ID.—NATURE OF ACTS CAUSING SINGLE INJURY.—Where the injury caused is single, it is immaterial whether it was caused by the joint or several

acts of the tort-feasor, and the plaintiff can be but once compensated for the injury suffered.

ID.—CONTRIBUTION TO INJURY—SEVERAL ACTS OF TORT-FEASORS—COSTS OF SEPARATE SUIT.—Where several acts of tort-feasors contribute to the same injury, there can be but one satisfaction in damages therefor; yet if the acts are not joint, in such a sense as will make the doers of them liable to be sued in a common action as joint tort-feasors, the case is not within section 1023 of the Code of Civil Procedure, which prevents the recovery of costs in more than one action where the defendants sued separately might have been joined as defendants in the same action; and in such case, where the judgment and costs against one of the wrongdoers has been paid and satisfied, though the judgment for damages against the other wrongdoers is also satisfied and extinguished thereby, yet the plaintiff is entitled to recover the costs of a separate action against the other wrongdoers.

CROSS-APPEALS from an order of the Superior Court of the City and County of San Francisco declaring satisfied and extinguished a judgment for damages and interest thereon, and restraining execution upon said judgment, and denying a motion for an order declaring the judgment satisfied and extinguished as to the costs of the action in favor of the plaintiff and against the defendants. CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court.

*George B. Merrill,* for Plaintiff and Appellant.

To enable a plaintiff to join several tort-feasors in one action there must be some community in the wrongdoing among the parties so united. (*Sellick* v. *Hall,* 47 Conn. 260; *Long* v. *Swindell,* 77 N. C. 183; *Cooper* v. *Blair,* 14 Or. 255; Pomeroy on Remedies, sec. 308; *Trowbridge* v. *Forepaugh,* 14 Minn. 133.) Against separate tort-feasors separate judgments and satisfactions can be obtained. (*Lull* v. *Fox etc. Imp. Co.,* 19 Wis. 100; *Chipman* v. *Palmer,* 77 N. Y. 51; 33 Am. Rep. 566; *Bard* v. *Yohn,* 26 Pa. St. 482; *Little Schuylkill etc. Co.* v. *Richards,* 57 Pa. St. 142; 98 Am. Dec. 290; 1 Sutherland on Damages, secs. 141, 142; *Hillman* v. *Newington,* 57 Cal. 56; *Keyes* v. *Little York etc. Co.,* 53 Cal. 724.) These defendants were not bound by the judgment against the city, and one who is not bound by a judgment cannot take

advantage of it as an estoppel or satisfaction. (*Lansing*
v. *Montgomery*, 2 Johns. 382; *Deery* v. *Cray*, 5 Wall. 795;
*Nutwell* v. *Tongue*, 22 Md. 419; *Griffin* v. *Richardson*, 11
Ired. 439; *Water's Appeal*, 35 Pa. St. 523; 78 Am. Dec.
354; *Yorks* v. *Steele*, 50 Barb. 397; *Troy* v. *Smith*, 33
Ala. 469; *Cameron* v. *Cameron*, 15 Wis. 1; 83 Am. Dec.
652; *Chase* v. *Swain*, 9 Cal. 136; *Massure* v. *Noble*, 11 Ill.
531; *Murray* v. *Sells*, 53 Ga. 257; *Sunderlin* v. *Struthers*,
47 Pa. St. 411; *Burton* v. *Hazzard*, 4 Harr. 100; *Myers* v.
*Johnson County*, 14 Iowa, 47.) Enforcing satisfaction of
his damages by the collection of one judgment will not
preclude the plaintiff from collecting his costs in other
judgments. He is entitled to take out execution for
their collection. (*Windham* v. *Wither*, Strange, 515;
*Livingston* v. *Bishop*, 1 Johns. 290; 3 Am. Dec. 330;
*Knickerbacker* v. *Colver*, 8 Cow. 111; *First Nat. Bank* v.
*Indianapolis Piano etc. Co.*, 45 Ind. 5; *Ayer* v. *Ashmead*,
31 Conn. 447; 83 Am. Dec. 154; *Lord* v. *Tiffany*, 98
N. Y. 412; 50 Am. Rep. 689.)

*Humphreys & Welch, John T. Humphreys, J. T. Tevlin,
W. C. Burnett*, and *L. G. Burnett*, for Defendants and
Appellants.

A person cannot convert a joint into a several tres-
pass, or recover more than one satisfaction for his
damages, when it appears that he has suffered the con-
sequences of a single act only. (*Urton* v. *Price*, 57 Cal.
270; *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163; *Daw-
son* v. *Schloss*, 93 Cal. 194–98; *Wehle* v. *Butler*, 12 Abb. Pr.,
N. S., 139; *Stone* v. *Dickinson*, 5 Allen, 29; 81 Am. Dec.
727; 1 Sutherland on Damages, 214; Cooley on Torts,
139.) Plaintiff collected, accepted, and had satisfaction
of the whole judgment against the city and county of
San Francisco, and is concluded by the receipt of the
amount so paid in full; and her entire claim for dam-
ages is thereby extinguished. (Wells on Res Adjudicata
and Stare Decisis, secs. 47–50; *Urton* v. *Price, supra;
United Society of Shakers* v. *Underwood*, 11 Bush, 265, 272;
21 Am. Rep. 214 (1875); *Tompkins* v. *Clay Street R. R.*

*Co., supra; Dakota Co.* v. *Glidden,* 113 U. S. 222, and cases there cited; Wells on Res Adjudicata and Stare Decisis, secs. 47–50; *Sheldon* v. *Kibbe,* 3 Conn. 214, 221; 8 Am. Dec. 176; Civ. Code, 1281–83, 3333; *Lovejoy* v. *Murray,* 3 Wall. 1, 10; Herman on Estoppel and Res Adjudicata, 288.)    Plaintiff, having collected her costs in the suit against the city and county, ought not to recover them in this action.    (Code Civ. Proc., sec. 1023.)

VAN FLEET, J.—Plaintiff brought an action against the city and county of San Francisco alone, to recover damages to her property caused by a broken sewer. The complaint was in two counts, the first upon the breaking of the sewer and the neglect to repair the same, and the second upon the negligent and improper manner in which the break was repaired—the proximate and efficient cause of damage assigned in each count being the inundation of plaintiff's premises by the overflow from the broken and choked-up sewer; and the damages alleged in each count being identical as to time, manner, and extent.

In that action plaintiff recovered a judgment for eleven hundred and ninety dollars and her costs of suit.

Within two years after the bringing of that action, and before the satisfaction of the judgment therein, plaintiff brought the present action against the defendant Ashworth, as superintendent of streets of said city, and the other defendants as his deputies, wherein, in a single count exactly similar in all substantial respects to the second count in the first-named action, she sought damages accruing to her property through the breaking of said sewer, the immediate cause of damage assigned being the same overflow as that alleged in the previous action, and the damages alleged being as to time, manner of infliction, and in amount the same.    In this action plaintiff also recovered a judgment for the sum of eight hundred dollars damages, and three hundred and ninety-four dollars costs of action.

Subsequent to the recovery of this last judgment, on

the first day of August, 1893, the judgment in the said action against the city and county was fully paid, satisfied, and discharged. Thereafter, the defendants in the present action moved the court below for an order restraining and enjoining the plaintiff therein from issuing or levying execution under the judgment therein, and that said judgment be ordered satisfied of record, upon the ground that plaintiff by the payment and satisfaction of the judgment in her said action against the city and county of San Francisco had been fully compensated for the identical injuries herein counted upon, and was entitled to no further relief in the premises; that both of said actions were brought for the same cause of action, and against several parties who might have been joined as defendants in one action, and who were all openly within the state at the time of the commencement of the first-named action. At the hearing of this motion the facts substantially as above recited were made to appear, and the court made an order granting the motion as to the eight hundred dollars damages recovered, but denied it as to the sum of three hundred and ninety-four dollars costs. Both parties excepted to the order of the court, and they both appeal—the plaintiff from so much of the order as deprives her of the eight hundred dollars damages, and the defendants from that part denying their right to satisfaction of the judgment as to the costs.

It is a just and well-established doctrine that there shall be but one satisfaction accorded for the same wrong. If one be injured by a tortious act, he is entitled to compensation for the injury suffered, and, if several persons are guilty in common of the tort, the injured one has his right of action for damages against each and all of the joint tort-feasors, and may at his election sue them individually or together. But when the injury arises from a single act, he cannot, by suing each wrongdoer alone, convert a joint into a several trespass, and thereby secure more than one compensation for the same injury. If he sue one alone, and is

paid damages for the wrong, his remedy is at an end, and he is barred from further recovery against the others. (1 Sutherland on Damages, 214; *Stone* v. *Dickinson*, 5 Allen, 29; 81 Am. Dec. 727; *Urton* v. *Price*, 57 Cal. 270; *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163.)

But the plaintiff in support of her appeal claims that this wholesome rule has no application to this case, for the reason, as she contends, that the cause of action stated in her suit against the city and that stated against these defendants are not the same, and that the defendants in the two actions are in no sense joint tort-feasors. That the act relied upon as producing the injury in the action against the city was the delay in making repairs to the sewer, a mere omission, while these defendants are charged with an act of commission, the making of repairs in such a negligent manner as to directly conduce to the injury complained of. While the second cause of action stated in the complaint against the city was the same as that relied upon in this case, it is claimed that the record shows that no issue was joined thereon, and that it was solely upon the first count that plaintiff recovered in that action. Assuming this last fact to be true, which the record, however, fails to show, it is nevertheless perfectly apparent that plaintiff's contention is more specious than sound, and that there exists in fact no real difference between the causes of action stated in the two actions. Formal differences there may be, but in matters of substance there are none. In both actions the inducing, proximate cause of damage and injury alleged is the invasion of her premises by the overflowing sewage, caused by the broken and choked condition of the sewer. That is the essential fact alleged alike in both counts of her action against the city, and in the complaint in this case. That is the fact constituting the *gist* of the action in both cases, and, as we have seen, it was one and the same overflow—in other words, the same fact which produced the alleged damage in both cases. The mere fact that the sewer broke produced no injury to plaintiff, nor did the fact that it was

negligently repaired.  It was in causing the sewage to overflow plaintiff's premises, and that alone, which induced the injury and gave plaintiff her cause of action. This was the fault of the city and the defendants, her officers, alike.  Whether it was caused by their joint or several acts is immaterial.  It would be subordinating substance to mere form to say that these two actions do not under the circumstances rest upon one and the same cause.  This being so, and it appearing that plaintiff had been once compensated for the injury suffered, the court below was right in denying her a second award of damages for the same act.

It does not result from this, however, that the plaintiff is not entitled to her costs in the present action. While one may have a cause of action against two or more persons for the same act, it does not follow necessarily that he can sue them jointly.  "There must be something more than the existence of two separate causes of action for the same act or default to enable him to join the two parties liable in the single action." (Pomeroy's Code Remedies, sec. 308.)  The injury suffered must be in some sense the result of their joint work. Here, while the injury was from one common cause, it cannot, we think, be said to have been produced by the same fault or act of the city and Ashworth.  The act of the former which conduced to the cause of injury was the neglect to repair the broken sewer; while the act of the latter was the negligent repair and stopping up thereof.  These two acts produced the cause from which plaintiff suffered, but they were not joint in a sense which would make the city and Ashworth joint tortfeasors and liable to be sued in a common action.  While plaintiff had a right of action therefor against each separately, she could not sue them jointly, and while she can have but one satisfaction in damages, the case is not within section 1023 of the Code of Civil Procedure, which prevents the recovery of costs in more than one action where the defendants, sued separately, "might have been joined as defendants in the same action."

We think the order of the court below was right in both respects appealed from, and it follows that it should be affirmed, each appellant to pay his own costs on appeal.

It is so ordered.

GAROUTTE, J., and HARRISON, J., concurred.