[Sac. No. 894.   Department Two.—February 25, 1902.]

THE BANK OF ORLAND, Appellant, v. H. C. STANTON, Sheriff of Glenn County, et al., Respondents.

Action for False Return by Sheriff—Service of Summons in Foreclosure Suit to Set Decree Aside—Defense—Adjudication—Pleading.—A complaint against a sheriff and the sureties on his official bond to recover the value of a homestead lost by a false return of the service of summons upon the wife, in a foreclosure suit against a husband and wife, does not state a cause of action if it does not allege that the wife did not have a defense to the foreclosure suit, but shows upon its face that in a subsequent suit by the wife to set aside the decree and sale thereunder it was adjudged against the plaintiff that the wife had a complete defense to the foreclosure suit as to her homestead rights.

Id.—Judgment Setting Decree Aside—Presumption—Conclusiveness.
   .—Where it appears that findings were waived in the action to set aside the foreclosure decree and sale, and that the judgment in favor

of the wife therein was final and was not appealed from, it must be presumed correct, and is conclusive in the action for the false return, upon the question whether the wife had a defense to the foreclosure suit.

APPEAL from a judgment of the Superior Court of Glenn County.  Oval Pirkey, Judge.

The facts are stated in the opinion.

Frank Freeman, and Charles L. Donohoe, for Appellants.

Seth Millington, and William M. Finch, for Respondent.

COOPER, C.—The court below sustained a demurrer to plaintiff's amended complaint, and judgment was entered for defendants.  This appeal is from the judgment, on the judgment-roll, for the purpose of reviewing the order sustaining the demurrer.  The complaint seeks to obtain judgment against defendant, as sheriff, and the other defendants, who are the sureties on his official bond, for alleged damages caused by neglect in the service of a summons, and for making a false return as to such service.

The complaint alleges, in substance, that on the twenty-first day of April, 1896, this plaintiff commenced an action in the superior court of Glenn County against T. H. Dodson and Ellen M. Dodson, his wife, to foreclose a mortgage upon certain lands therein described, given as security for a note of two thousand dollars, executed to plaintiff by said T. H. Dodson; that a summons was duly issued in said foreclosure proceedings, directed to both Dodson and wife, and given to defendant Stanton, as sheriff, to be served; that the defendant Stanton, as sheriff, filed his return, showing that he had duly served the said summons on Dodson and wife on the seventeenth day of April, 1896; that no appearance having been made by either Dodson or his wife, plaintiff had their default entered on May 4, 1896, and afterwards procured a decree of foreclosure in due form against both of them; that, under this decree, and an order of sale issued thereon, the premises described in said mortgage were, by a commissioner duly appointed, sold to plaintiff for $2,700 on the tenth day of June, 1896, and the judgment satisfied to that extent; that thereafter a commissioner's deed was duly issued to plaintiff;

that the return of the defendant Stanton, that he had served Ellen M. Dodson in the foreclosure suit, was false, and that he did not serve any summons upon her in said cause; that plaintiff had no knowledge that said summons had not been served until after April 18, 1898, but at all times believed that it had been served as stated in said return.

On January 20, 1900, the said Ellen M. Dodson commenced an action against plaintiff in the superior court of Glenn County to set aside the judgment and decree of foreclosure previously entered against her, and the commissioner's deed to plaintiff, upon the ground that she had never been served with summons in said action. In her complaint she alleged that at the time of the execution of the mortgage, and at all times thereafter, she and her husband had a homestead, duly declared and recorded upon a part of the lands described in the foreclosure proceedings; that the mortgage executed to plaintiff was wholly without consideration on her part; that she was never served with any summons in the foreclosure proceedings, and the return of the sheriff as to service upon her was, and is, false, and that she was never served with any summons in said action; that she did not know of said foreclosure proceedings, of the sale thereunder, nor of the false return on the said summons until the twelfth day of March, 1897; that she had a good defense to the said foreclosure proceedings as to the homestead, in this, that the mortgage was executed by her without any consideration.

To the complaint so filed by Ellen M. Dodson this plaintiff appeared and answered, denying the material allegations of the complaint.

That after trial of said last-named action, judgment was entered March 21, 1900, that the decree of foreclosure, the sale thereunder, and the commissioners' deed, be set aside as to the premises described in the declaration of homestead; that by reason of the said judgment, last herein described, plaintiff has been deprived of the premises described in the said homestead, and that said premises are of the value of $2,500. That by reason of the said matters herein stated, and of said false return, the plaintiff has been damaged in the value of the homestead premises $2,500.

It is not alleged in the complaint that Ellen M. Dodson did not have a good and valid defense to the action of fore-

closure.   In her complaint against plaintiff she alleged that she had such defense, and that there was no consideration for her signature to the mortgage.   The plaintiff here—as defendant there—denied the allegations.   Findings were waived in said action, and, as judgment was entered for said Ellen M. Dodson against this plaintiff, it will be presumed that the judgment was, and is, correct.   By the judgment,— which is binding upon plaintiff,—it is established that Ellen M. Dodson had a good and valid defense to the foreclosure proceedings as to that portion of the premises described in the homestead.   If this is true, plaintiff was not injured by the false return of service of summons.   If Ellen M. Dodson had been served, she no doubt would have established the same facts as defendant, as to her homestead rights, that she afterwards established as plaintiff.   The judgment she finally obtained is conclusive here in this proceeding upon the question.   The plaintiff not only waived findings, but does not appear to have appealed from that judgment.   The plaintiff comes here asking for damages for a failure to serve a summons, and by his complaint shows that the court has, in an action in which it was defendant, found that the party upon whom the summons was not served had a good and valid defense to the action.

While the question as to the statute of limitations may be a very important one, it is not necessary for us to here decide it.

The demurrer was properly sustained, conceding the action not to be barred by the statute.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.