[Civ. No. 7952. First Appellate District, Division One.—January 30, 1932.]

FRANK TRIANO, a Minor, etc., Appellant, v. F. E. BOOTH & COMPANY, INC., et al., Respondents.

Clifton Hildebrand, J. A. Myers and Thomas F. McCue for Appellant.

Cooley & Crowley and Cooley, Crowley & Supple for Respondents.

TYLER, P. J.—Action for damages by plaintiff, a minor eight years of age, for injuries received by him in coming in contact with a gear of one of the peeling devices in defendant Booth Company's canning plant.

The action was first brought in Alameda County. The complaint was in two counts. The first alleged that plaintiff became dizzy and was about to fall and to save himself from striking the floor he ran his hand into the gear, resulting in the injuries complained of. The second count was based upon the attractive nuisance theory. Defendant Booth & Company is a Nevada corporation. The case was transferred or removed to the federal court. At the opening of the trial in that court, plaintiff dismissed the first count and the case was tried under the second. The trial resulted in a verdict for defendant and judgment on such verdict was entered and it became final.

Thereafter plaintiff instituted another action to recover for the same injuries, and joined as defendants the Booth Company and its stockholders. This complaint contained the identical counts of the original and earlier action. Both actions were founded on the same cause of action and the parties were the same except the stockholders of the Booth Company were joined as defendants. The defendants pleaded estoppel and *res judicata*. The trial court granted the motion and dismissed the case as against all the defendants and both causes of action. Judgment was entered accordingly. This appeal is from the judgment.

It is claimed that the trial court committed error for the reason that the only matter litigated in the federal court was the count based on the attractive nuisance theory which resulted in favor of the Booth Company, and nothing else, and in favor of no one else. While the complaint in the original action was in two counts, there was but one cause of action.

It is a universal rule that a judgment between the same parties is conclusive, not only as to the subject matter in controversy in the action upon which it is based, but also in all other actions involving the same question, and upon all matters involved in the issues which might have been litigated and decided, the presumption being that all such issues were met and decided. It is the policy of the law to put an end to litigation and not to allow a new and different action between the same parties, concerning the same subject matter that has already been litigated. A party cannot litigate his cause of action by piecemeal and after a judgment against him seek in another action to obtain relief dependent upon the transaction therein adjudicated, by bringing forward claims and demands properly belonging to the first action. He may not split up a single cause of action in this manner. (*Hall* v. *Susskind,* 109 Cal. 203 [41 Pac. 1012].)

The former judgment is conclusive upon the cause of action litigated. (*Lamb* v. *Wahlenmaier,* 144 Cal. 91 [103 Am. St. Rep. 66, 77 Pac. 765]; *Minnis* v. *Equitable Life Assur. Soc.,* 204 Cal. 180 [267 Pac. 538].) Here the plaintiff had but one cause of action. When he elected to try his case on one theory of liability, he was barred from again trying it upon another ground. To tolerate the practice contended for would prolong litigation indefinitely.

Equally without merit is the further claim that the present case is not between the same parties or privies. The federal court judgment is not only a bar against further action directed against the Booth Company, but it is likewise a bar in favor of the stockholders of such company. The liability of stockholders necessarily must depend upon the culpability of the corporation. The situation is analogous to that of principal and agent. If the party who actually causes the injury is free from liability by reason of his acts, it must follow that his principal is entitled to a like im-

munity. In other words, a judgment in favor of the immediate actor is a bar to an action against one whose liability is derivative from or dependent upon the culpability of the immediate actor. (*Bradley* v. *Rosenthal,* 154 Cal. 420 [129 Am. St. Rep. 171, 97 Pac. 875] ; 34 C. J. 982, 990.) Nor does the fact that the new parties are stockholders of the company alter or change the situation. A corporation is the agent and trustee of its stockholders. (*Hobbs* v. *Tom Reed Gold Min. Co.,* 164 Cal. 497 [43 L. R. A. (N. S.) 1112, 129 Pac. 781].)

Counsel for appellant has cited us to the cases of *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335], and *Muller* v. *Coast Counties Gas & Elec. Co.,* ▎(Cal. App.) 271 Pac. 338, as supporting his contention that the former judgment cannot be pleaded by the stockholders as a bar, as they are neither parties nor privies to the former suit. In both these cases the first judgment was against the corporation. The distinction between cases brought to enforce a stockholder's liability where a corporation has been held liable and where it has been exonerated is obvious. The only reason for holding a judgment against a corporation not conclusive upon its stockholders, is because of the possibility of the stockholders being defrauded through collusion between a plaintiff and the officers of the corporation by an absence of a proper trial upon the merits where the stockholders have not had their day in court. No such reason applies where the judgment is in favor of the corporation. To us it seems clear that a judgment in favor of a corporation is conclusive against a plaintiff and in favor of a stockholder in an action against the latter. The plaintiff has had his day in court and his cause of action has been determined on its merits. (*Emery* v. *Fowler,* 39 Me. 329 [63 Am. Dec. 627] ; *Castle* v. *Noyes,* 14 N. Y. 329; *Bank of Orland* v. *Stanton,* 135 Cal. 593 [67 Pac. 1035].) This is all he is entitled to.

Judgment affirmed.

Knight, J., and Cashin, J., concurred.