[Civ. No. 8278. First Appellate District, Division One.—December 27, 1932.]

CHARLES H. DUELL, INC. (a Corporation), Appellant, v. METRO–GOLDWYN–MAYER CORPORATION (a Corporation) et al., Respondents.

Francis J. Heney, Henry Brown and L. R. Brigham for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry, Loeb, Walker & Loeb, and Milton H. Schwartz for Respondents.

PARKER, J., *pro tem.*—By this action plaintiff seeks to recover damages from the defendants arising out of the breach of a contract between plaintiff and defendant Lillian Gish. The claim against the defendants, other than Gish, is on the grounds that they and each of them, acting individually and in concert with defendant Gish, wrongfully caused and brought about the breach complained of. The cause was tried by jury and at the conclusion of the trial the court directed a verdict in favor of all of the defendants. Such a verdict was returned and judgment entered thereon. Thereafter the plaintiff's motion for a new trial

was denied. The appeal is from the judgment and the said order denying a new trial.

The appeal is presented on a bill of exceptions. Here we may note that this bill of exceptions presents but a portion of the testimony and a portion of the proceedings. The language introductory to the bill is as follows: " . . . the following testimony was a portion of the testimony taken, and the following evidence, both oral and documentary, being a portion of that taken, was introduced, and the following proceedings being a portion of the proceedings had . . . " We have no inclination to evade a determination of the controversy on its merits, in as far as the record will permit; but necessarily our scope of review is limited to that record. ▆ It may be conceded that if sufficient does appear to show the error complained of the record may be accepted as complete. However, if it reasonably appears that there may have been other proceedings or testimony from which the judgment might have additional support, then and in that event all presumptions would be in favor of án affirmance. Without quotation therefrom we cite the case of *Coleman* v. *Farwell,* 206 Cal. 740 [276 Pac. 335]. That case brings out clearly the idea that under the constitutional restriction a reviewing court must disregard error unless in addition thereto some prejudice results to a substantial right. The court then points out that if the record does not contain all of the evidence the constitutional requirement cannot be filled; that is to say, that without the record in full it cannot be determined whether the claimed error resulted in a miscarriage of justice. Reference may be had, likewise, to the case of *Dahlberg* v. *Dahlberg,* 202 Cal. 295 [260 Pac. 290].

The foregoing is, to some extent, merely by way of suggestion, though it will appear hereinafter that certain presumptions are indulged in support of the judgment through lack of definite showing in the partial transcript of all of the proceedings. It happens, in this particular case, that the record may be deemed sufficient in as far as some of the defendants are concerned and lacking as to others. Therefore we will proceed to a discussion on the merits of the entire appeal.

Plaintiff alleges the execution of a certain contract of service by and between Inspiration Pictures, a corporation, and the defendant Lillian D. Gish. Certain supplementary and amended agreements were thereafter executed. The contract and the fruits thereof, together with future profits and future services, was thereafter assigned to the plaintiff, which assignment was approved by defendant Gish. It was further alleged that the said Gish was an actress of well known outstanding ability and repute and that the character of service rendered and to be rendered by her was of a class described as special, unique and extraordinary. In some detail the complaint recites the extent of performance by plaintiff and its assignor, as well as by the defendant Gish. The complaint alleges that on or about December 1, 1924, the said defendant Gish breached and repudiated the contract. This breach and repudiation is alleged to have occurred after the plaintiff had gone to much expense in creating publicity for the said Gish and had expended large sums of money in salary, production, advertising, and in procuring scenarios, etc. The complaint mentions, among other things, that plaintiff had procured and entered into an agreement with Metro-Goldwyn Distributing Corporation looking to the distribution of pictures made by the defendant Gish and had expended large sums of money in preparations toward such distribution. It is then alleged that the defendants, including defendant Gish, did fraudulently, maliciously, wrongfully and unlawfully, conspire and connive with the defendant Gish to induce her and to persuade her to breach the agreement and to fail in the performance of the terms thereof. The complaint charges that all of these wrongful acts of the defendants were with full knowledge of all of the facts. Issue was joined by all defendants and the case called for trial.

After a jury had been impaneled plaintiff called its first witness. Thereupon defendants Metro-Goldwyn Distributing Corporation and Metro-Goldwyn-Mayer Corporation and Louis B. Mayer objected to the introduction of any evidence on the ground that said complaint stated no cause of action against them or either of them. This objection was sustained and the jury so advised. The trial then proceeded as against defendant Lillian D. Gish.

Defendant Gish had pleaded a bar to the action on the ground that the controversy had been previously determined and that the dispute was *res judicata*. When plaintiff rested its case this defendant, Gish, proceeded first on her defense of *res judicata* and after the submission of oral and documentary evidence in support thereof the trial judge held the defense should prevail and accordingly directed a verdict in favor of all of the defendants. It had earlier been stipulated that after the ruling in favor of the defendants other than Gish a directed verdict would follow at the conclusion of the trial.

We will first consider the appeal from the judgment in favor of the defendant Lillian Gish. The sole question presented is on the point of *res judicata*.

The present action was commenced on June 23, 1927. In January of 1925 the plaintiff in the present action filed in the United States District Court of the Southern District of New York a bill of complaint against the defendant Lillian D. Gish. In this bill of complaint it set up the identical contract sued upon in the present action. It alleged the breach of December 1, 1924, and allegation for allegation did correspond in every detail with the complaint in the present action. The action in the federal court sought an injunction against defendant Gish restraining her from contracting her services to or with any persons or corporations other than plaintiff and alleged her then intention to so contract. The complaint in the federal court set up the existence of the distributing agreement with the Metro-Goldwyn Distributing Corporation and the expense incurred by plaintiff in the performance thereof. The relief sought was injunctive, as stated, and in addition plaintiff sought an accounting of such proximate and ascertainable damages as it had suffered and might suffer by reason of defendant's breach of the contract and prayed judgment for such damages. Issue was joined. The defendant Gish admitted the contract, charged fraud in the amendments thereto, and admitted the contract had been breached, but alleged the breach to be on the part of plaintiff. Further, the defendant Gish alleged and admitted her unwillingness and refusal to proceed further under the contract until such time as the rights of the parties thereunder had been determined by the court. A trial was

had and judgment entered in favor of defendant Gish. The court found that plaintiff had fraudulently overreached and defrauded the defendant and that the breach was on the part of the plaintiff. Judgment was entered accordingly. This judgment became and was final prior to the commencement of the present action.

The foregoing appears from the record of the proceedings in the federal courts. In addition to this record the plaintiff in the instant case did admit through the testimony of its president that the contracts sued upon in New York were the same contracts sued upon in the instant case.

Appellant does not seriously dispute the claim that the New York judgment may operate as a bar of the present action as against the defendant Gish. It does not, however, concede such a bar. It is claimed by appellant that in the present action there is an additional feature, not included within or involved in the former action and judgment. The new matter claimed deals with the distribution contract. Appellant claims that its present cause of action against defendant Gish seeks damages for the breach of a certain distribution agreement between plaintiff and Metro-Goldwyn Distributing Corporation. A reading of the complaint does not sustain this claim. The most that can be read into the pleading is that the distributing contract had for its subject matter the distributing of a picture or pictures made by defendant Gish under the original contract.

As to defendant Gish, in both actions it was claimed that her failure to perform her contract of service necessarily placed plaintiff in a position where it was unable to perform its contract with the distributors to its damage. In neither case, the New York case nor the present, was it ever contended that defendant Gish had breached the distribution contract. Indeed, such a claim could hardly be sustained for the reason that said Gish was not a party to the distribution contract.

Throughout the entire controversy the pleadings have been to the effect that the distributing outlet for the pictures to be made during the term of service of Gish was something accruing to plaintiff upon the performance of the original agreement. In other words, if the primary contract failed of performance there would be no picture to distribute. Nowhere in the present pleadings is defendant Gish charged

with the breach of the distribution contract nor was there any evidence offered on this issue.

With the utmost respect to contending counsel, it seems somewhat absurd to argue that after a final determination of the right of defendant Gish to refuse to proceed under the contract a separate action lies to recover anticipated profits that would have accrued if she had performed. It seems almost demonstrated that in the former action pleaded as a bar to the present suit the proceeding was had in a court of competent jurisdiction between the same parties and involving the same subject matter; that the subject matter sought to be litigated herein was fully adjudicated in the former action, the judgment therein rendered having become final.

It is likewise clear not only that all controversial matters here presented could have been litigated in the former action, but that these matters were actually litigated and determined. It was definitely determined in the New York action that on and before December 1, 1924, the defendant Gish was freed and absolved from any liability under the contract and her personal status was adjudged to be that of a person free to contract with whom she chose and to render service under said contract as her own judgment might decide. We think that determination operated and does operate as a bar to the present action.

█ We may now consider the appeal as it affects the remaining defendants. These defendants were not parties to the former action and the present action, as against them, does not rest upon the performance or nonperformance of any contract or agreement. The asserted claim as against them is that they and each of them through fraud, malice and oppression did unlawfully, wrongfully and to the damage of plaintiff persuade and induce the defendant Gish to breach, repudiate and terminate the original contract between herself and the plaintiff.

The court below ruled that this complaint did not state a cause of action against these defendants and precluded the further introduction of evidence against said defendants. At the appropriate state in the proceedings a verdict was directed in their favor. This ruling is assailed by appellant and much of the briefs goes to a discussion of the legal points involved.

It was the theory of the trial court that the law of this state affords no relief to a party to a contract of personal services against one who, while not a party to the contract, has caused a breach of that contract by the other party. We do not feel called upon to determine this question, inasmuch as the affirmance of the judgment does not require such a determination. We have held that the status of the parties to the contract between plaintiff and defendant Gish has been, prior to the commencement of this action, definitely settled and adjudicated. As a general proposition of law we might concede that the principle of *res judicata* applies only between parties to the original judgment or to parties in privity with them. However, it seems settled law that lack of privity in the former action does not prevent an estoppel where the one exonerated was the immediate actor and his personal culpability is necessarily the predicate of the plaintiff's right of action against the other. Thus it is settled by repeated decisions that the general rule that one may not have the benefit of a judgment as an estoppel unless he would have been bound by it had it been the other way is subject to recognized exceptions, one of which is that in actions of tort, if the defendant's responsibility is necessarily dependent upon the culpability of another who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way. (*Portland Gold Min. Co.* v. *Stratton's Independence,* 158 Fed. 63 [16 L. R. A. (N. S.) 677]; *Buckeye Powder Co.* v. *E. I. Dupont de Nemours Powder Co.,* 248 U. S. 55, 62 [39 Sup. Ct. Rep. 38, 63 L. Ed. 123]; *Doremus* v. *Root,* 23 Wash. 710 [63 Pac. 572, 54 L. R. A. 649].) For an expression of our own courts on the subject reference may be had to the following cases: *Bank of Orland* v. *Stanton,* 135 Cal. 593 [67 Pac. 1035]; *Bradley* v. *Rosenthal,* 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171]; *Triano* v. *F. E. Booth & Co., Inc.,* 120 Cal. App. 345 [8 Pac. (2d) 174].

The entire case of plaintiff against the defendants other than Gish—and here it may be noted that this defendant, too, is declared an active participant with the others in the conspiracy—rests upon the asserted breach of the contract

between plaintiff and defendant Gish. After a full and complete hearing this question of breach was adjudicated as between the principals to the contract and there determined that no breach had occurred and that defendant Gish was forever freed from the obligations of the contract. It would result in an anomalous situation if we were to hold that the defendant Gish was thereupon free to contract her services to any person, but that no person was free to contract with her. Whatever epithetical allegations characterize the conduct of the defendants, the fact remains that, if the alleged breach on the part of defendant Gish was lawful and warranted, no cause of action remains against the other defendants.

It is true that no evidence was presented on the case against the defendants whose case we are now considering; likewise, it is true that the sole ground of the court's ruling was that the complaint states no cause of action as against them. Yet these defendants had pleaded as a bar the former judgment, and at the conclusion of the case, prior to submitting the case to the jury under the direction to return a verdict in favor of all defendants, the following proceedings were had: ''Mr. Sterry [counsel for defendant Gish] : I am willing to make a stipulation that we have not yet rested our defense, that at the suggestion of the court we presented that issue first and that that was the ground on which we requested it for the defendant, Lillian D. Gish, that the motion was made as to the other defendants because there had been no evidence allowed against them. I want to state that I don't think Mr. Loeb [counsel for the remaining defendants] would want to waive the right of Metro Goldwyn, that they might not also have the benefit of *res judicata*. The Court: Is that satisfactory. Mr. Heney [counsel for plaintiff] : Yes, your Honor.'' Thereupon the prepared form of directed verdict in favor of all of the defendants was presented to all counsel and accepted by each and all, as to form.

It would thus seem apparent that counsel for plaintiff then recognized the situation to be that the former adjudication determined the rights of all of the parties. If the question presented were one of purely academic discussion it might appear that the defendants other than Gish should be considered and their rights determined without regard

to the former adjudication. But it remains a rule of appellate procedure that a reviewing court will not remand a case where further proceedings therein would be futile. In this case before any recovery could ever be had against those defendants charged with inducing the breach by defendant Gish, it would be imperative that plaintiff prove two things: First, that at the time of the alleged breach there was an existing contract; second, that the contract was breached. The entire controversy necessarily would surround the contract and all that goes to make any contract is the agreement and obligation of the parties thereto. In other words, the very essence of the contract between plaintiff and defendant Gish is and must be mutual obligations therein assumed.

Therefore, when the rights and liabilities of the parties to the contract have been finally adjudicated, in a court of competent jurisdiction, and a judicial determination made that neither party is any longer bound thereby, the contractual relationship ends. The authorities hereinbefore cited amply support the foregoing. Plaintiff has had its day in court, and has been accorded a full and complete hearing on every issue presented. It can ask no more.

Aside from a consideration of the parties to a controversy, the courts have a direct interest in the termination of litigation. The maxim of the law runs that it is to the interest of the republic that there be an end to the case. Under our conclusion here, if we should remand the case to the court below for further proceedings, the course to be there followed, under the law of the case rule, would be simply for the defendants to introduce the record of the former case, now unquestioned, and judgment would follow. With the entire record before us, at least sufficient thereof for the present consideration, it would seem an idle act to thus again set in motion the machinery of the courts to bring about a result already predetermined.

 The last ground urged by appellant is that the court below abused its discretion in refusing plaintiff permission to amend its complaint. It appears that after the adjudication in New York the defendant Gish demanded and received from Inspiration Pictures, the assignor of plaintiff, a certain sum alleged to be due her for services. This sum was paid by the trustees in liquidation and was

in the nature of a settlement and adjustment. It was plaintiff's contention, *arguendo,* that the acceptance of this money by defendant Gish restored the contract and operated as a waiver of the breach by plaintiff and its assignor. The amendment was offered after issue joined and after a jury had been impaneled to try the case. It presented an entirely new phase to the controversy and might have required further continuance. The proposed amendment was of such matter as might be presumed to have been at all times within the knowledge of plaintiff. There was no direct request for permission to amend, the matter coming up rather informally and more by way of suggestion than by way of actual demand or request. In addition thereto, the facts surrounding the claim upon which the amendment would be based were already before the court and showed that there would be little foundation for the claim to be advanced through the proposed amendment. No amendment was prepared or presented to the trial court to the end that the discretion might in any sense be guided. The mere statement of counsel as to the extent of the proposed amendment can hardly suffice as determinative of the court's action.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.