[Civ. No. 9637. First Appellate District, Division One.—January 17, 1936.]

T. P. MINEHAN et al., Appellants, v. I. V. SILVERIA et al., Respondents.

Carl R. Schulz for Appellants.

John J. Jones for Respondents.

THE COURT.—The complaint in this action was against Silveria and Serpa, a copartnership, and defendants Silveria and Serpa, the partners constituting the firm, to recover a firm debt alleged to be in the sum of $1993.45. All the defendants, including the firm as an entity, joined in a general demurrer, which was overruled. An answer was then filed by the individuals mentioned, denying the allegations of the complaint except that they admitted a firm indebtedness of $343.55. No answer was then filed by the firm as such. The case went to trial on the above pleadings and resulted in a judgment for plaintiffs in the amount last named without costs, and they appealed therefrom. The District Court of Appeal considered the judgment to be one against the individual partners only, and as such it was affirmed except the portion denying costs, which was modified to award costs to

plaintiffs (*Minehan* v. *Silveria*, 131 Cal. App. 317 [21 Pac. (2d) 617]). The cause was again brought on for trial, it being plaintiffs' contention that the original judgment being against the members of the firm only, they were entitled to proceed against the firm as an entity and recover the full amount of their claim notwithstanding the previous judgment, which admittedly was paid and satisfied. The partners mentioned defended on their own behalf and on behalf of the partnership as an entity, alleging as a defense that the above facts and the previous judgment were a bar to the maintenance of the action against the firm as such. The trial court found in accordance with these defenses and entered judgment against the plaintiffs, who have appealed therefrom.

For the purpose of obtaining jurisdiction a partnership or association will be treated as an entity (Code Civ. Proc., sec. 388), and a judgment may be entered accordingly; but where the partners are joined in a suit upon a partnership obligation, for which obligation they are jointly liable (Civ. Code, sec. 2409, subd. b), and the matter is litigated upon the merits, resulting in a judgment for less than the amount claimed in the complaint (as was the case here), such a judgment, if paid and satisfied, should bar further proceedings against the firm as such. And this result appears to be sustained in principle by the authorities (*Bank of Orland* v. *Stanton*, 135 Cal. 593 [67 Pac. 1035]; *Bradley* v. *Rosenthal*, 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171]; *Triano* v. *F. E. Booth & Co.*, 120 Cal. App. 345 [8 Pac. (2d) 174]; *Charles H. Duell, Inc.*, v. *Metro-Goldwyn-Mayer Corp.*, 128 Cal. App. 376 [17 Pac. (2d) 781]; *Butler* v. *Ashworth*, 110 Cal. 614 [43 Pac. 4, 386]; *Melander* v. *Western Nat. Bank*, 21 Cal. App. 462, 476 [132 Pac. 265]; Bancroft's Code Practice and Remedies, sec. 1896; Freeman on Judgments, secs. 571, 589).

The judgment is affirmed.