Filed 12/2/15  Flores v. Keller CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SERGIO PEDROZA FLORES, | D067215 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00075156-CU-PO-CTL) |
| DANIEL KELLER, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.


Law Offices of Elic Anbar and Elic Anbar for Plaintiff and Appellant.

Manning & Kass, Ellrod, Ramirez, Trester and Darin L. Wessel for Defendant and Respondent.

Plaintiff and appellant Sergio Pedroza Flores appeals from the grant of judgment on the pleadings in favor of defendant and respondent Daniel Keller (Daniel).  The court granted Daniel's motion after it granted summary judgment in favor of Daniel's spouse,

Linda Lee Keller (Linda), which judgment Flores inexplicably did *not* appeal. Flores, a landscape maintenance worker, initially sued only Linda for negligence after Flores fell from a ladder while trimming a tree at defendants' residence, owned by Linda as her sole and separate property. While Linda's summary judgment motion was pending, Flores amended his complaint to add Daniel as "Doe 1."[1] Flores contended Daniel was liable as Linda's agent.

As we explain, we independently conclude judgment on the pleadings was properly granted based on principles of res judicata. Affirmed.

OVERVIEW

A. *Summary Judgment in Favor of Linda*

In granting summary judgment for Linda,[2] the court in its September 12, 2014 order ruled in part as follows:

"It is undisputed and the parties agree that . . . at the time of the incident, Plaintiff was an employee of [Linda] Keller (not an independent contractor); Plaintiff was not an employee entitled to workers' compensation coverage (because he did not meet the minimum requirements for time worked or wages earned); and that, because of the

---

1    Although not the subject of this appeal, it is not clear that Flores's Doe amendment was even proper because it appears Flores was neither truly ignorant of Daniel's identity nor Daniel's relation to the injuries when Flores initiated the action against Linda. (See *Miller v. Thomas* (1981) 121 Cal.App.3d 440, 444–445; see also *Munoz v. Purdy* (1979) 91 Cal.App.3d 942, 947 [noting the ignorance for purposes of a proper Doe amendment must be " 'real and not feigned' "].)

2    The court in its order granting summary judgment referred to Linda as "Keller" and to Daniel as "Mr. Keller."

household domestic employees exemption, Keller, as a homeowner, was not required to comply with California OSHA tree-trimming regulations [citation]. [¶] . . . [W]hat remains is a cause of action for negligence.

"Keller submits evidence that Plaintiff trimmed the trees at Keller's house, as needed, during each of the six to eight years he worked for Keller [citation]; on each of these occasions Plaintiff used Keller's aluminum extension ladder because Plaintiff's ladder was too small [citation]; on September 11, 2013 [i.e., the day of the accident], Plaintiff let himself into the backyard and retrieved Keller's ladder from where it was usually kept in the backyard [citation]; Plaintiff never experienced any problems with the operation of the ladder on any prior occasion [citation]; Plaintiff took the ladder, in its unextended position as he found it (with possibly one step extended) and placed the ladder against the first tree he was going to trim [citation]; the top of the ladder was at a height of between 13-15 feet [citation]; no one assisted Plaintiff in placing the ladder against the tree [citation]; in placing the ladder against the tree, Plaintiff relied on his own experience in using ladders with regard to how he set the ladder [citation]; Mr. Keller never told Flores how to set up the ladder against the trees to be trimmed or how Plaintiff should use the ladder [citation]; Plaintiff did not have any conversations with Keller or Mr. Keller on the day of the slipping and does not have evidence to establish that a defect contributed to Plaintiff's fall [citation]; Plaintiff climbed up the ladder while holding his chainsaw in his right hand and when reaching the top, he was reaching for a palm tree branch with his other hand bringing the chainsaw up to rest on the top rung when the ladder slid out away from the tree and he fell [citation]. Keller also submits evidence that

3

at some point prior to September 11, 2013, Plaintiff told the Kellers that the trees in the front were too tall for him to trim and arranged for the tree trimmer he worked with to trim the front trees [citation] and on September 11, 2013 the trees in the front yard had already been trimmed by tree trimmer Raul Rodriquez with the indication that Plaintiff would trim the trees in the back yard [citation].  [¶] . . . [¶]

"The court finds the evidence similar to that presented on summary judgment in *Zaragoza v. Ibarra* (2009) 174 Cal.App.4th 1012 [(*Zaragoza*)] . . . .  [¶] . . . [¶]

". . . The undisputed evidence is that Plaintiff was the sole person who placed, adjusted, and then climbed the ladder before he fell.  There are no allegations that the ladder was defective.  Like *Zaragoza*, Plaintiff engaged in a maneuver from a height of 13-15 feet that any ordinary adult person would know posed a significant risk.  Evidence that Plaintiff required that taller trees be trimmed by a professional tree trimmer, that Mr. Keller observed a professional tree trimmer trimming the trees in the front yard using safety equipment, and that Plaintiff was directed to trim all trees which could be trimmed using Keller's ladder is insufficient to create triable issues of material fact as to whether Keller breached a duty of care to Plaintiff or whether such breach was the cause of Plaintiff's alleged injuries.  Similarly, Plaintiff's declaration that he was not provided with safety equipment . . . does not create a triable issue because, under the authorities cited above, Keller did not have a duty to provide such safety equipment."

B.  *Judgment on the Pleadings*

As noted, Daniel moved for judgment on the pleadings after the court granted Linda summary judgment.  In connection with that motion, Daniel requested the court

4

take judicial notice of portions of Linda's summary judgment motion and opposition thereto; the court's September 12, 2014 order granting summary judgment; and a grant deed dated May 8, 2013—*before* plaintiff's accident—transferring ownership of the Kellers' residence to Linda as her sole and separate property.

In granting the motion, the court ruled in part as follows:

"The complaint alleges one cause of action for negligence against the owner of the property, Linda Lee Keller.  Plaintiff named Daniel Keller as Doe 1 on August 12, 2014. As pled, the complaint alleges liability against Daniel Keller only in his capacity as agent for the owner of the property, Linda Lee Keller.  Daniel Keller submits judicially noticeable evidence establishing that he is not an owner of the property.  Thus, the liability of Daniel Keller is predicated on his alleged capacity as agent for the owner of the property.

"As set forth in this court's [September 12, 2014 order] granting Linda Lee Keller's motion for summary judgment, *Zaragoza* . . . addresses the issue of negligence, under facts virtually identical to those presented on this motion.  [¶] . . . [¶]

". . . The judicially noticeable and undisputed evidence is that Plaintiff was the sole person who placed, adjusted, and then climbed the ladder before he fell [citation]; [and] that Plaintiff is unaware of any defects in the ladder that contributed to the ladder slipping and that Plaintiff does not have evidence to establish a defect contributed to Plaintiff's fall.  [Citation.]  As the court reasoned in its prior ruling, . . . Plaintiff engaged in a maneuver from a height of 13-15 feet that any ordinary adult person would know posed a significant risk.  Thus, allegations and evidence that Daniel Keller observed a

5

professional tree trimmer trimming the trees in the front yard using safety equipment are insufficient to establish that Daniel Keller breached a duty of care to Plaintiff or that any such breach was the cause of Plaintiff's alleged injuries. Therefore, the court finds the complaint fails to allege facts sufficient to state a cause of action for negligence."

DISCUSSION

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) "To operate as a bar a judgment must be final, on the same claim or cause of action, between the same parties, and must be an adjudication on the merits." (*McKinney v. County of Santa Clara* (1980) 110 Cal.App.3d 787, 794.)

"The term 'privity' refers to some relationship or connection with the party which makes it proper to hold 'privies' bound with the actual parties. ' "Who are privies requires careful examination into the circumstances of each case as it arises." ' [Citations.] The courts have abandoned application of rigid categories in favor of a practical approach which addresses the question of 'whether the non-party is sufficiently close to the original case to afford application of the principle of preclusion.' " (*Martin v. County of Los Angeles* (1996) 51 Cal.App.4th 688, 700.)

As relevant here, res judicata arises when one party is in privity with another because the parties' relationship is "that of principal and agent." (*Triano v. F.E. Booth & Co.* (1932) 120 Cal.App. 345, 347 (*Triano*).) "If the party who actually causes the injury is free from liability by reason of his acts, it must follow that his principal is entitled to a

6

like immunity. *In other words, a judgment in favor of the immediate actor is a bar to an action against one whose liability is derivative from or dependent upon the culpability of the immediate actor.*" (*Id.* at pp. 347–348, italics added.)

We independently conclude (see *Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672) the court properly granted Daniel's motion for judgment on the pleadings as a result of its September 12, 2014 order granting Linda's motion for summary judgment, which judgment Flores did *not* appeal. (See *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443 [noting as a court of review, " '[w]e uphold judgments if they are correct for any reason' "].)

As noted, the court in its September 12, 2014 order found there were no triable issues of material fact to show breach of duty or causation because the undisputed evidence showed: that Flores was the sole person who placed, adjusted, and then climbed the ladder before he fell; that there was no evidence or allegations that the ladder was defective; and that Flores engaged in a maneuver from a height of 13-15 feet that any ordinary adult would know posed a significant risk of potential harm. As a party in privity with Linda whose potential liability was, in any event, derivative, Daniel was entitled to assert the bar of res judicata based on Linda's judgment. (See *Triano*, *supra*, 120 Cal.App. at p. 347.)[3]

---

3     In light of our decision, we decline to address Daniel's alternative contentions.

7

DISPOSITION

The order granting Daniel's motion for judgment on the pleadings and the judgment entered thereon are affirmed.  Daniel to recover his costs of appeal.


BENKE, Acting P. J.

WE CONCUR:


McINTYRE, J.


IRION, J.